### BOREN, *et al.* v. CHISHOLM.

1. The prosecution of a writ of error from a decree of the chancellor, dismissing a bill, by which a judgment at law had been enjoined, does not reinstate the injunction and supersede the issuance of an execution, on the judgment at law, although a bond be given with sureties for the prosecution of such writ of error in double the amount of the judgment at law.

Motion for affirmance of a decree of the Chancery Court at Montgomery.

PECK and CLARKE, for defendant in error.

ORMOND, J.—The defendant in error presents to this Court a certificate of the Register of the Chancery Court at Montgomery, which recites that the plaintiffs in error filed their bill in equity, and obtained an injunction to a judgment at law, obtained by the defendant in error, against them, in the Circuit Court of Montgomery, for the sum of one thousand nine hundred and sixteen dollars, and that afterwards, at the June term of the Chancery Court, 1841, a decree was made, dismissing the bill, and that the injunction bond have the force and effect of a judgment, and be so certified to the Court of law. That afterwards, the plaintiffs in error applied for and obtained a writ of error, returnable to the present term of this Court, and entered into bond with surety, to prosecute their writ to effect, and to satisfy the judgment at law, which was enjoined according to the order and decree of this Court; whereupon the order and decree of the Court of Chancery was, and is superseded.

The record of the suit in chancery, not being filed pursuant to law, the defendant in error moved for an affirmance of the decree of the Court below, with ten per cent. on the amount of the judgment at law.

The question to be determined is, whether the writ of error taken from the decree of the Chancellor, dismissing the bill, revives the injunction. The case of Garrow v. Carpenter & Hanrick, 4 Stew. & Por. 336, determined that the injunction in such a case as the present, was not revived, nor the execution

at law superseded. But it is supposed that the 16th section of the act of 1841, to regulate the practice in the Courts of Chancery, was designed to change the law in this particular. It provides, "that when an appeal or writ of error is taken to the Supreme Court from the decree of a Chancellor, all further proceedings on said decree, shall be thereby suspended.: *Provided,* the appellant give bond, with security, as in cases of error to the Courts of law."

We do not think the legislature intended by this act to declare that the injunction should be reinstated by the suing out of a writ of error to the decree dismissing the bill. If such had been the design, express provision would doubtless have been made for the sum in which the bond was to be taken, which would have this effect. Great embarrassment would arise too, in many cases, in ascertaining the rights of the sureties to the injunction and writ of error bonds. Besides, the issuance of an execution upon a judgment at law, suspended by an injunction of the Court of Chancery, cannot be said to be a proceeding under the decree dissolving the injunction. The injunction was a prohibition to issue the execution, until the Chancellor could inquire into the complaint—its dissolution cannot, with propriety of language, be said to give power to issue the execution, but merely removes a temporary restraint to the exercise of a power which exists, independent of the Chanceller. The issuance of an execution therefore, in such a case, is not a "*proceeding on the decree,*" and therefore, certainly not within the letter of the law, and such serious inconveniences might, and probably would, arise from such a construction, that we cannot think it was in the contemplation of the legislature in the enactment.

Nor is this enactment inoperative, unless the construction contended for, is placed upon it. In the case of Weatherford, *et als.* v. James, 2 Ala. Rep. 170, we held that a decree was final, when it ascertained all the rights of the parties in litigation, though ministerial acts remained to be done. And it is not at all unusual for a Court of Chancery to *decree a sum of mo*ney to be paid where there has been no previous judgment at law; in all such cases, the act would apply, and was, to say the least, proper, as a declaratory act of what was before considered, somewhat doubtful, there being no statute expressly

authorizing a writ of error to the decree of a Court of Chance-
ry, though in practice, it had been allowed.

For these reasons, we are of the opinion that the prosecution
of a writ of error to a decree, dismissing a bill enjoining a
judgment at law, does not reinstate the injunction, and su-
persede the issuance of an execution on the judgment at
law, although a bond has been given with sureties, in double
the amount of the judgment at law, for the prosecution of the
writ of error.

It results from this opinion, that as the execution at law, was
not superseded by the prosecution of the writ of error, that no
damages can be given in this Court, on the judgment at law.—
The result of the motion, in this case, is merely to affirm the
decree of the Chancellor.