1842.

Village of Sen-
eca Falls
v.
Matthews.

## THE VILLAGE OF SENECA FALLS vs. MATTHEWS.

Where the complainant gives notice to the adverse party of an application to the court for a preliminary injunction, or where the defendant is required to show cause why such injunction should not be granted, whether a temporary injunction is or is not allowed in the meantime, the defendant may introduce affidavits in opposition to the application for the injunction.

Under the act of 1817, incorporating the village of Seneca Falls, the street commissioners of the several wards are the proper persons to superintend the building of bridges ordered by the trustees to be built therein; and to make contracts for materials and labor, subject to the ratification of the trustees.

Where the street commissioner neglects his duty, by refusing to superintend the improvement or to cause it to be made in the manner directed by the ordinance of the trustees, or where he neglects to make contracts for labor or materials and to submit such contracts to the trustees for their approval, their remedy is to proceed by indictment for such neglect of duty, or by an application to the supreme court for a mandamus.

It is no ground for an injunction to restrain the street commissioner from making an improvement, ordered to be made in his ward, that his contracts for labor and materials have not been ratified by the trustees. For if the contracts are invalid, for that reason, the inhabitants of the village will not be liable for the expense of the improvement.

April 5. THIS was an appeal from an order of the vice chancellor of the seventh circuit. The bill was filed to determine the right of the defendant, as street commissioner of the second ward of the village of Seneca Falls, to superintend the building of a bridge in the said ward, and to contract for the work and materials necessary for the same. The vice chancellor made an ex parte order to show cause why an injunction should not be granted according to the prayer of the bill, and allowed a temporary injunction in the meantime. And upon hearing of the parties he ordered the injunction to be continued until the further order of the court, and that the defendant pay twenty dollars costs of opposing the application. From this order the defendant appealed.

*D. Cady & D. Wright*, for the appellant.

*M. T. Reynolds & W. A. Sackett*, for the respondents.

1842.

Village of Sen-
eca Falls
v.
Matthews.

THE CHANCELLOR. The vice-chancellor erred in refus-
ing to permit the defendant to read affidavits in opposition
to the application for the injunction. Where a prelimina-
ry injunction is granted absolutely in the first instance, and
the defendant asks to have it dissolved upon the ground
that the whole equity of the bill is denied by the answer,
it is not the practice to allow him to read affidavits in sup-
port of his answer, except in those cases where the answer
itself is not conclusive, under the last clause of the 37th
rule. But where the complainant is directed to give no-
tice of his application for an injunction, or where the de-
fendant is required to show cause why a preliminary in-
junction should not be granted, whether a temporary in-
junction is or is not allowed in the meantime, the defen-
dant has a perfect right to introduce his own or any other
affidavits for the purpose of showing that the injunction
should not be granted as asked for. And he may use such
affidavits, in a case of that kind, although he has put in his
answer denying the whole equity of the complainant's bill;
or has neglected to answer the bill fully, so that his answer
is liable to exceptions for insufficiency. For upon an or-
der to show cause why an injunction should not be grant-
ed, the answer, if put in, is only used as a sworn statement
or affidavit, on the part of the defendant, in opposition to
the complainant's application.

Whether this is a proper case for the interference of this
court by injunction, even if the complainants are right in
their construction of the village charter, is a question which
it is not necessary now to determine. For I am satisfied,
from an examination of the provisions of the statute, that the
street commissioner of the second ward was the proper
officer to superintend the building of the bridge, and to
make contracts for the work and materials therefor, sub-
ject, however, to the ratification of the trustees. This

1842.

Village of Seneca Falls
v.
Matthews.

power is expressly given to him by the 30th section of the village charter. (*Laws of* 1837, *p.* 240.) The 39th section, which gives to the trustees the general power of commissioners of highways, makes such powers subject to the provisions of that act. Their powers, therefore, are subject to the provisions of the 30th section, which section gives to the street commissioner of each ward the superintendence of all public improvements ordered by the trustees in his ward, and the right to contract for labor and materials therefor subject to the ratification of the board. Having the general powers of commissioners of highways, the trustees are unquestionably authorized, in ordinary cases, to direct what improvements shall be made, the form and manner of the improvement, and the nature of the materials to be used in making the same ; subject to the special provisions of the 41st section of the village charter in relation to improvements made by an assessment upon a particular ward. But after they have done so it is the duty of the street commissioner of the ward in which such improvement is ordered to be made, to superintend the making thereof in conformity with such determination of the trustees. All his contracts for labor and materials, however, in order to be binding upon the corporation, and to enable the persons with whom he contracts to obtain compensation therefor out of any funds in the hands or under the control of the trustees, must be ratified by the board of trustees. And if he thinks proper to make contracts for labor and materials upon his own authority exclusively, or to expend his own money in making the improvement, or in paying the contractors, without the previous sanction of the board of trustees, he must of course bear the loss.

Where the street commissioner neglects his duty, however, by refusing to superintend the improvement, and to make it in the manner previously directed by the trustees, or neglects to make contracts for the labor and materials and to lay them before the board of trustees for their approval, the remedy is by an indictment, for a neglect of his duty in this respect, or by an application to the su-

preme court for a mandamus to compel him to do his duty. But the trustees have no right to restrain him by injunction from making the improvement at his own expense, and without any valid contracts for labor or materials, if he is unwise enough to do so.

Being satisfied that the claim of the trustees to contract for the work and materials and to assume the exclusive control of the building of this bridge themselves, cannot be sustained, and that there were no sufficient grounds for the interference of this court by injunction, the order appealed from must be reversed. And the order to show cause must be dismissed with costs to be taxed, including the costs on this appeal ; and the temporary injunction must be dissolved.