## FRANCIS SLASON *v.* CANNON & WARREN.

The supreme court of this state is not denominated a court of chancery, but is an appellate court from the final decrees, and those only, of the court of chancery; and its powers are limited to the correction of errors found in such decrees.

After a case has been heard and decided in the supreme court upon an appeal from the court of chancery, the supreme court have no power to sustain, or allow, a bill of review. The power in relation to such bills must be exercised by the court of chancery.

There is nothing in chapter thirty-three of the Revised Statutes, in reference to "New Trials," which confers upon the supreme court power to grant a re-hearing in a case decided on appeal from the court of chancery.

*Quære,* Whether the court of chancery can sustain a bill of review, pending an appeal of the case to the supreme court. If not, the want of remedy, in case of new evidence being discovered between the time of the hearing before the chancellor and the subsequent determination in this court, is a defect in the law, which can only be supplied by legislation.

THIS was a petition for a new trial and for leave to file a bill of review in a case heard in this court at the February Term, 1842, on appeal from the court of chancery; in which case Cannon & Warren were complainants and this petitioner and one Norton were defendants.* The principal ground of the present application was the alleged discovery of new evidence, a portion of which was stated to have been discovered between the time of the hearing before the chancellor and of the decision on the appeal in this court.

After argument by *E. L. Ormsbee* and *E. Edgerton* for the petioner, and by *R. R. Thrall* and *A. Pond* for the petitionees, the opinion of the court was delivered by

HALL, J.   The first inquiry in this case is, whether the application for relief is properly made to this court.   Our present chancery system is of recent origin, and I am not aware that the question now presented has been settled by the adjudication of this court.   It is to be determined by the construction of the Revised Statutes.

By the Revised Statutes, chapter 24, a court of chancery is con-

---

*Cannon et al. *v.* Norton et al., 14 Vt. 178.

stituted, consisting of the several judges of the supreme court, who are made chancellors in their respective circuits; and the court of chancery, thus constituted, is invested " with the powers and jurisdiction of the court of chancery in England, with the exceptions, additions and limitations created and imposed by the constitution and laws of the state." Sec. 1, 2, 23. The supreme court is not denominated a court of chancery, but is an appellate court from the final decrees, and those only, of the court of chancery; and its *powers are limited to the correction of errors found in such decrees.* Upon the hearing of the case here, this court does not, as in cases arising at. law, render such judgment as the court below ought to have rendered, and enforce it by process upon the parties. But the finding of this court, whatever it may be, is remitted to the court of chancery, that such proceedings may be had there, as may be necessary to carry the finding of this court into effect. Sect. 21. The powers of this court are somewhat analogous to those of the House of Lords in England.

In England there are two modes of bringing the subject of a decree to the reconsideration of the court of chancery. The first is by a petition for a *rehearing;* which is not allowed after the decree has been enrolled, but may be brought at any time before enrolment,—there being no other limitation of time in regard to this remedy. In this state the judges of the supreme court, in execution of the powers confered on them to establish rules of practice in the court of chancery, have, by their twenty-fourth Rule, provided, that decrees shall not be recorded until the expiration of twenty days after the rising of the court of chancery; within which time, and not after, petitions for a rehearing may be brought, under certain regulations prescribed by the rule.

The other mode of reviewing a decree in England is by *bill of review,* which is granted upon petition for that purpose to the chancellor, after the enrolment of the decree, and such petition may be brought at any time within twenty years; although, after long acquiescence in a decree, such applications are not looked upon with favor. The bill of review may be founded upon newly discovered facts; and when thus founded, it would seem that it may be brought as well after, as before, the affirmance of the original decree in parliament. 3 Daniel's Ch. Pract. 1733. Story's Eq. Pl. sect. 418,

These proceedings for a review are all before the chancellor, and never before the appellate court.

Nothing is found in our chancery acts, manifesting an intention in the legislature to withhold from the court of chancery in this state the jurisdiction, exercised in England by the chancellor over bills of review. On the contrary, the twenty second section of the statute, by prescribing a limitation to the exercise of jurisdiction in that respect, is a clear indication, that the jurisdiction, subject to such limitation, was designed to be retained. This section contemplates, that the power, in relation to bills of review may be exercised by the court of chancery, after a determination of the cause in the supreme court; and as nothing is found in the statute, conferring this power on the appellate court, the conclusion seems necessarily to follow, that the appellate court cannot exercise the power. It is neither derived from the chancery jurisdiction in England, nor from the statute conferring chancery powers.

It is however claimed, that the petition in this case may be sustained, *as a petition for a new trial,* under the provisions of chapter thirty three of the Revised Statutes. The incongruity of conferring chancery jurisdiction in a different chapter of the statutes, from that in which the whole subject of chancery jurisdiction is professedly treated, is manifest. That consideration, alone, would induce us to require the use of clear and explicit language in conferring farther jurisdiction, in another chapter. We have been unable to find, in the chapter upon new trials, any such clear and explicit language, manifesting such intention.

The term *new trial,* itself, is entirely out of place in, if not wholly unknown to, chancery proceedings. By the first section of the chapter, new trials are to be granted " agreeably to the usages of law," and there is no reference to the practice or usages in equity. The new trials, by both the first and second sections of the statute, are to be sought within certain periods after " *the judgments were rendered;*" nothing being said of *decrees made,*—by which word determinations in chancery are properly designated. New trials are to be granted in causes determined by the county court; but no mention is made of cases determined in the court of chancery. The language of the chapter, though pertinent and applicable to

trials at law, is quite inappropriate and out of place, when sought to be applied to proceedings in equity.

It is urged in this case, that, as the twenty second section of the chancery act prohibits the sustaining of a bill of review by the court of chancery, after the determination of the case in this court on appeal, for any cause which originated before the determination in this court, there would be no remedy for the party, where new evidence was discovered between the time of the hearing before the chancellor and the subsequent determination in this court; and that, to prevent a failure of justice, this petition for a new trial ought to be sustained.

If the court of chancery could not sustain a bill of review, pending on appeal in this court, upon which no opinion is intended to be expressed, there would, indeed, seem to be a time, within which the discovery of new evidence could not be rendered available to the party. If the language of the statute in relation to the jurisdiction of this court were in any way doubtful, this consideration might be entitled to weight, in construing it. But even if it were admitted, that a bill of review could not be sustained, pending an appeal to this court, we should be disposed to consider the want of a remedy in such a case as a defect in the law, to be supplied by future legislation, rather than to assume a jurisdiction, which we are satisfied it was not the intention of the legislature to confer.

Without inquiring into the particular facts, upon which the application is founded, we are satisfied, that it must be dismissed, and with costs to the petitionees.