PRESTON *et al. v.* DANIELS *et al.*

If it appears by a bill in equity, that complainants had a plain and adequate remedy at law it is good ground for demurrer.

Where funds collected by a sheriff on *fi. fa.* were demanded by D and N, and also by P and H, and each party showed an equal right to them; it was held D and N had not a plain and adequate remedy at law and that they might proceed in equity.

Where from any defect in the common law, want of foresight in the parties,

or other mistake or accident, there would be a failure of justice, it is the duty of a court of equity to interfere and supply the defect or furnish the remedy.

The supreme court is not authorized to grant a lien upon a judgment for an attorney's fees, as it would be an exercise of original jurisdiction.

*In Equity. Appeal from Linn District Court.*

*Opinion by* GREENE, J.   A. Daniels and C. Nye filed their bill, in which the following facts are stated:   March 18, 1846, E. T. Lewis obtained judgment against Levi Lewis, in the district court of Linn county, for the sum of one hundred and forty three dollars and thirty nine cents, and on the 23rd of the same month, assigned fifty two dollars of the judgment to Preston and Hastings.   July 21, 1846, E. T. Lewis assigned the balance of the judgment to the complainants, who filed the assignment in the clerk's office.   In April of that year, Levi Lewis took the judgment by writ of error, to the supreme court, where in July, 1847, it was affirmed.   Shortly after, a writ of *fi. fa.* was issued from the supreme court to the sheriff of Linn county, who collected the money, paid $56,82 over to Preston & Hastings, and retained the balance in his hands.   This balance of $100,19 was demanded of the sheriff by complainants under the assignment which had been made to them, but the sheriff refused to pay the same over to them on the pretense that Preston & Hastings had a lien of $90,00 on the amount, for their fees as attorney for E. T. Lewis.

Complainants charge that the $52 assigned by Lewis to Preston & Hastings, was the only lien they had acquired for their professional services; that the $90, were neither claimed nor acquired until after judgment in the supreme court; that Preston & Hastings had notice of the assignment to them; and the claim of $90 was intended to defeat and defraud them, that E. T. Lewis was insolvent and that they had no remedy at law.   The bill concludes with a prayer, that the pretended lien be adjudged inoperative and that a writ of injunction may issue, to restrain

the sheriff from paying the money over to any other person than themselves. E. T. Lewis, I. M. Preston, S. C. Hastings and A. Harlan the sheriff, were made defendants.

Preston & Hastings demurred to the bill on the ground; *First*, That E. T. Lewis should be a plaintiff, if a party at all to the bill; *Second*, That the complainants had an adequate remedy at law. Thereupon, Lewis filed a disclaimer of all interest. The demurrer was overruled, and the bill dismissed as to Lewis.

Preston & Hastings' answer admits the judgment, assignments, &c., that the $52 assigned to them was for professsional services; that the $90 claim was partly for other services than those rendered in the suit against Levi Lewis; but claims that the $90, was a lien allowed by the supreme court, that their claim for fees was in accordance to an agreement between them and E. T. Lewis, at the time he placed his claim against Levi Lewis, in their hands for collection; that at the time Preston received notice of the assignment to complainants, he gave them notice of his and Hastings' claim, for additional fees, upon the judgment; and insists that said assignment was not in good faith, and that if any consideration passed, it was for a pre-existing debt, which was not cancelled by the assignment. Exceptions were taken to the separate answer of I. M. Preston, and thereupon, he filed an amended answer in which he states, that the services for which $90,00 are claimed, were rendered in suits prior to April 1, 1847.— Upon the bill and answers the court decreed, that the supposed lien of Preston & Hastings be inoperative as against the assignment to the complainants, and that the sheriff should pay the money over to them.

1. It is objected, that the demurrer to the bill should have been sustained on the ground, that complainants had a plain and adequate remedy at law. If complainants had an adequate remedy at law, it is clear that the demurrer should have been sustained, and the bill dismissed. But we think, that the facts stated in the bill show no such legal remedy. The money was in the hands of

the sheriff, and demanded from him by two different parties, both of whom showed *prima facie*, an equal right to it; and therefore, the sheriff was justified in not paying the money over to either of them. The sheriff was not in default. He was not required by the process upon which he had collected the money, to pay it over to complainants; nor does it appear, that the time had expired within which he was required by law to make return of the *fi. fa.*, to the supreme court. As the sheriff had not neglected his duty in the premises, the complainants had no action at law against him; and as Preston & Hastings had not obtained possession of the funds claimed by complainants, they had no remedy against them.

Counsel have failed to point out the plain and adequate remedy at law, which complainants had for this money. We are told, that they might have had their remedy at law against Preston and Hastings, if the sheriff had paid the money over to them. If this proposition was correct, it could not add force to the demurrer in the present case. It by no means follows, that they *had* a plain and adequate remedy at law, because they might *have had* such a remedy if certain things had taken place. As the contingency did not happen, it follows, that complainants did not acquire the remedy which it is claimed they had.

It was not necessary for them to lay by and lose the use of their money, upon the supposition that some event might happen which might enable them to proceed by suits at law. A court of chancery will not require a party to defer his rights to the supposition that a contingency may happen which will give him a remedy at law. The rule is laid down by Chancellor Walworth, and is doubtless approved by all equity tribunals, that where from any defect of the common law, want of foresight in the parties, or other mistake or accident, there would be a failure of justice, it is the duty of a court of equity to interfere and supply the defect or furnish the remedy. *Quick* v. *Stuyvesant*, 2 Paige 84. The bill in the case at bar comes with obvious propriety under this rule. A-

gain, it was held in *Winthrop* v. *Lane*, 3 Desau. 323, that the general powers of a court of equity are very great; that it is assistant to the courts of law in counteracting fraudulent judgments, or when in conscience and equity the plaintiff ought not to avail himself of a judgment at law. And in *Watson* v. *Palmer*, 5 Ark. 501, it was held that equity will relieve from a judgment at law, when the party was prevented by unavoidable necessity from appearing or making his defense. The lien allowed to Preston & Hastings by the supreme court, in the present case was upon their *ex parte* application, without notice to the complainants and without their knowledge. In conscience and equity, according to *Winthrop* v. *Lane*, they ought not to avail themselves of the benefit of that lien to the prejudice of complainant's previously acquired right. And according to *Watson* v. *Palmer*, equity ought to afford them relief, because from a want of notice they were not permitted to appear and defend against the application. Again, whenever the remedy at law is defective, doubtful or difficult, a court of equity has jurisdiction, *Seymour* v. *Delaney*, 3 Cow. 445; *Amer. In. Co.* v. *Fisk*, 1 Paige 90; *League* v. *Russell*, 2 Stewart 420.

Upon the first point we conclude then, that the bill presents a case in which relief may be given in a court of equity, and that the demurrer was correctly overruled.

2. As an objection to the decree, it is urged that the right of Preston & Hastings to a specific lien was *res adjudicata;* that the allowance was made to attorneys as officers of the court, and is obligatory.

If the matter had been within the jurisdiction of the supreme court, and if all the parties affected by the lien had been properly notified of the proceeding, it might with propriety be regarded as *res adjudicata.* But as the powers of this court are merely corrective and appellate as they comprise no original jurisdiction; our authority to grant an original application for a lien may well be questioned. Such an act cannot but be regarded as an assumption of original power, unauthorized by the constitu-

Preston *v.* Daniels.

tion and laws of the state. By such an application a new issue was raised, new parties were substituted, and a subject matter not before adjudicated, was brought before this court. The motion was hastily presented, no one appeared to object, and without sufficient consideration the lien was granted. We are now satisfied that this proceeding was extra judicial, that the lien was *coram non judice* and *void*. The court below then did not err in declaring the lien to be inoperative.

The fact that the attorneys were officers of this court, cannot change the case; it cannot enlarge our jurisdiction.

An attorney is doubtless entitled to a lien for his services upon a judgment obtained by him for his client; but that lien must be secured before a court of original jurisdiction.

If the lien is sought for services rendered in the supreme court, it can only be secured by having the judgment returned to the district court.

As this question of jurisdiction justifies the decision of the court below it is not necessary to inquire into the merits of the lien.

Decree affirmed.

*S. Whicher* and *I. M. Preston*, for appellants.

*N. W. Isbell* and *Wm. Smyth*, for appellees.