## CRANDALL v. WOODS et al.

The granting an injunction by a county judge on a bill filed in the District Court, is auxiliary to the action of that Court, and has the same force and effect, for all intents and purposes, as if it were the direct act of the latter.

Such an order may therefore be appealed from, in the same manner as if made by the District Court.

Where the answer to a bill for an injunction denies all the equity, if any, of the bill, a preliminary injunction should not be granted.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

The plaintiff filed his bill praying for an injunction to restrain the defendants from using or diverting the waters of certain springs, to the exclusive use of which plaintiff avers that he is entitled by possession, etc., and praying for judgment for damages.   One defendant answered, denying all the material allegations of the bill.   The other defendants denied all the allegations, except as to plaintiff's title to the springs, to which they answer disclaiming any right or claim therein or

thereto. On return of an order to show cause, made by the county judge, the question was argued on the bill and answer, and an order was made by the county judge granting the injunction. The defendants appealed. The merits of the bill not being considered by the Court, as it is conceded that its equities, if any, are fully denied, it is unnecessary to set forth its averments, or the arguments thereon.

*McConnell* for Appellants.

Admitting that the bill of itself was sufficient to warrant the action of the Court below, we contend, that taken in connection with the answer, the injunction was improvidently issued. It will be remembered that the order appealed from, was made on the bill and answer, not on the bill alone.

I think the general rule will readily be admitted, that where a preliminary injunction has issued on the bill alone, upon the coming in of an answer fully responsive and denying all its equity to the bill, the chancellor will dissolve the injunction, of course. Hoffman v. Livingston, 1 Johns. Ch. R., 211, 212; Roberts v. Anderson, 2 ib., 205; Couch v. Ulster and Orange Turnpike Company, 4 ib., 31.

This rule is as old as the jurisdiction of the Court itself, and is based upon the obvious reason, that the defendant's answer being drawn out by the plaintiff's bill, is evidence for, as well as against him. Story Eq. Pl., 875, a.

That there are exceptions to the rule, I freely admit; but I believe the exceptions are confined to cases of waste.

If the coming in of a responsive answer, is sufficient reason for the dissolution of an injunction already granted, *a fortiori*, it would be sufficient to prevent the granting of an injunction, after its coming in.

This proposition is too obvious for argument.

*Edwards & English* for Respondent.

I. The appeal in this case is from an order granting an injunction made by a county judge at chambers. It could not have been otherwise; for although his action was auxiliary to that of the District Court, and he may have even been *pro hac vice* Judge of the latter Court, still it was as Judge, and not as a Court, that he was authorized to interpose. Practice Act, § 111.

We insist, that no appeal lies from the order now under review. If erroneously made, it could only be corrected by a motion in the District Court to set aside or vacate it; and from an order denying such motion, an appeal would lie to this Court. In New York, by express statute, an appeal is allowed from certain orders made by a Judge out of Court; but in this State, there is no such provision. The statute nowhere allows an appeal from the order of a Judge. It is only from an order of the Court. 1 Burrell's Prac., 350; 2 Whitaker's Prac., 196, 197, 198; 1 Code Rep. U. S., 26; Practice Act, § 347.

II. According to the ancient chancery practice, if an answer directly responsive to the bill denied its equity, an injunction would not be or-

Crandall *v.* Woods.

dered, or, if improvidently ordered, would be dissolved on motion. In other words, it required two witnesses, or one witness and strong corroborating circumstances, to meet the denial of the answer; but under our system, no such rule obtains. With us, all answers, whether in actions at law or in equity, are in the same category. In this case, both the complaint and answer are equally verified, and the trial will be conducted as if both were without verification. The Court ought not, *in limine*, to pass upon the issues of fact presented by the pleadings, but to reserve them for the trial.

The injunction in this case was granted upon notice to the defendants, or rather after an order upon them to show cause why an injunction should not be granted. In this state of the case, we believe there is no direct statutory provision, enabling the defendants to have the order reviewed; and if such review were sought, it could at best be had in the analogy to the former general practice, which, as we have shown, could only be attained by an appeal from an order of the District Court denying a motion to dissolve the injunction.

If, however, the order is to be regarded as made without notice, and the answer of the defendants is to be held as conclusive against the equity of the plaintiffs according to the former practice, then the case of the latter is always at the mercy of the former. We admit, that there are cases both under the old and new practice, in which the answer has been used as an affidavit, and in such cases, affidavits have been heard on the part of the plaintiff. Here, however, the answer was filed, and was, and is relied upon as an answer only, and there is no pretext for the application of the exceptional rule. Practice Act, § 718; 1 Whitaker's Practice, 22; Schenck *v.* McKee, 4 How. B. R., 246; 2 Code R., 110, 111.

Besides, the proposition is too broadly stated on the part of the appellants. Even under the former practice, an injunction was never dissolved, as a matter of course, upon the coming in of the answer denying the equity of the complaint; but the Court looked to all the circumstances, and wonld continue or dissolve the injunction, in the exercise of a sound discretion. Poor *v.* Carleton *et al.*, 3 Sumner R., 74, 75.

And although the Code may not have enlarged the powers of the Courts in granting final injunctions, there can be no doubt that such powers are enlarged as to preliminary injunctions. Such are the New York authorities, and in fact it is difficult now to conceive of a case, in which the Courts will not grant a preliminary injunction, if, the facts being proved, a final injunction would be proper. 6 How., Pr. R., 89.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

When the county judge exercises the power given him by statute of granting an injunction upon a bill filed in the District Court, his act is auxiliary to the jurisdiction of that Court, and must have the same force

and efficacy for all purposes as if it were the direct act of the latter. Such an order may therefore be appealed from, in the same manner as if made by the District Court.

The appeal in this case being well taken, it is conceded that the answer denies all the equity of the bill, if it has any, and therefore the order was improvidently granted, and is here reversed.