## BENSLEY vs. MOUNTAIN LAKE WATER CO.

*Fourth District Court for San Francisco Co., Dec. T., 1857.*

### ORDER OF COURT—LIS PENDENS.

Commissioners were appointed to value certain lands alleged to be necessary for the construction of defendants' works, and in their official capacity reported a parcel of land as necessary, and that a part thereof claimed by E. was worth $3,000 ; E. subsequently transferred the land to the plaintiff, and after the report of the commissioners was confirmed ; *held* that the plaintiff who was not made a party to the motion for an order confirming the report, nor was charged with actual or constructive notice of the proceedings, is not bound by those proceedings.

Perhaps had a *lis pendens* been filed, the plaintiff might have been bound by a constructive notice.

An order entered subsequent to confirming the report which required the sheriff to put the defendant in possession of the land of E. when plaintiff was not a party to that order is of no validity to affect his rights and must be set aside.

An injunction to restrain the sheriff from putting defendants in possession under that proceeding, will be made perpetual under the above circumstances.

In this case a bill was filed for a writ of restitution to put plaintiff in possession of land taken by defendant. The court issued an injunction restraining both plaintiff and defendant, requiring them to cease proceeding otherwise in the matter until this cause is determined.

water companies to purchase, or take possession of, and use and hold such lands as may be required, and directs that the mode of proceeding to obtain possession, shall be the same as described in §§ 17, 18, of an act to provide for the incorporation of railroads, passed April 28th 1851. The act of 1851 directs the mode of proceeding to procure lands, and directs as follows : If the company are not in possession they shall proceed to assess in the form therein prescribed, subject to appeal to the supreme court; but that such appeal shall not prevent the company from taking possession of the land. Showing that it was not intended by the act that they should not take possession until the proceedings were completed, but might do so at any time, and retain the same. The statute then provides that upon the entry of the "rule" required, (all of which had been done in this case,) they may take possession of what they were not at the time in possession, and "hold and use" all described in the rule.

Therefore, if there be any irregularity or error, (which we deny,) in our proceedings, yet still the plaintiff cannot turn us out, but can only go on to reassess the damage. The same section provides that if after an attempted or actual ascertainment of damages, it shall appear that the title is defective, or that it shall fail altogether, the corporation shall go on anew to assess; but if already in possession, as the defendant was in this instance, "shall continue in possession, and if not shall take possession, and use such premises during the pendency, and until the final hearing and conclusion of such proceedings, and the court may stay all actions or proceedings against such corporations on account thereof." How, then, can the plaintiffs expect to stay our occupation or to prevent our taking possession, or to oust us if, as in this case, we had already entered. The plaintiffs admit, in their complaint, that we have obtained the "rule" which the act speaks of, and have paid the money, so that our proceedings are complete, so far as necessary to enable us to take possession, and to maintain it; and likewise the statute establishes clearly that if the plaintiffs have not had their right passed upon, they cannot maintain this action, but must proceed under the statute to have a further assessment.

We have shown the largest equities, and allege that we have not done and cannot do the plaintiffs any injury, because they may, if not paid, yet claim the money in court, or ask a new assessment.

Bensley *vs.* Mountain Lake Water Co.

No delay would evidence an abandonment, but if it were unreasona-
ble—under the statute, the plaintiffs can compel us to proceed, or dis-
miss our suit—which they have not done or attempted. No delay of
payment would defeat our right, unless the other party (the claimant)
proceed against us, in some mode known to the law, to compel us to
elect; for the right to occupy does not arise from the payment; that is
given by the statute before payment, and the only effect of payment is
to annex the fee to our occupation. *Bloodgood* v. *H. R. R. R. Co.,
Railroad Cas.,* 415; *Savary* v. *N. R. R. Co.,* 8 *Watts & Searg.,*
63.

The court will not enjoin us from doing a lawful act. That which
the plaintiff complains of is authorised by law, and therefore cannot be
enjoined. They do not set out irreparable injury, for the reason that
there is none—the law giving the plaintiffs the damages paid into court
is a compensation for the injury they complain of. We have denied the
whole equity of their bill, therefore their injunction must be set aside.
*Crandall* v. *Woods,* 6 *Cal.* 449.

The decree under which we act is final, and the court will turn the
parties over to their action of ejectment, if plaintiffs deem that we have
no right to the land, (if they have any remedy outside the statute,)
and if they seek to avoid it because of fraud, they must set out the
fraud, so that the court may judge of it, and we may prepare to meet
it; a broad allegation alone will not answer.

We have also shown that both *Bensley* and *Perkins* had actual no-
tice of these proceedings. The action of the company in proceeding to
condemn, affects no one's rights who is not a party to the proceeding,
so far as a claim for damages may go; but it will neither keep the
company out of possession, nor turn them out if they have taken pos-
setsion; their right to the land, or water, or both, as the case may be,
is complete; but the claimant has also his or her right—not to the
possession or retention of the land or water—but to such damages as
they may be entitled. The proceeding is in fact in the nature of a
proceeding *in rem*; it goes against the land itself, and the claimant
cannot hold the land, he can only obtain payment for his right. He
could not, and cannot now, resist our taking the land, though he may
raise his damages as high as he can. If the plaintiff could succeed in

that notice of the motion was given to either *Emmerson, Perkins,* or *Bensley,* was made on the application of defendants herein, confirming the report of the commissioners filed in July, 1853, as above stated: and on the 29th of June, 1857, on motion of defendants, and without notice, a further order was made that the sheriff put the defendant in possession of the said land claimed by said *Emmerson.* At the time this order was made the lands were owned and possessed by the plaintiffs, who were not parties to the proceedings had against *Emmerson, Vincent,* and others. Nor were they charged with actual or constructive notice the proceedings. If defendants had put on record a *lis pendens,* as provided in our code, plaintiffs, perhaps, would have been affected with notice, in which case it might be important and necessary to consider the order of December 17, 1853.

As the case now stands it may be doubtful whether the proceedings before the commissioners, and the confirmation of their report, are binding upon the plaintiffs; but as to the order of June 29, 1857, it could only operate against *Emmerson.*

Plaintiffs were not parties to that order, or the proceedigs anterior to it, and it is of no validity to affect their rights, or to deprive them of the title or possession of their property. Under it defendants had no authority to dispossess the plaintiffs, or any person except *Emmerson.*

The order of June 29 must be vacated and set aside, so far as it affects or is a cloud upon the title or possession of plaintiffs to the land in question, and defendants must be perpetually enjoined from further proceedings under it against plaintiffs, or any person claiming or pretending to claim under them; to this extent the injunction heretofore granted is modified.

The injunction against plaintiffs is dissolved.

I deem it unnecessary to define or pass upon the respective private or corporate rights of the parties, or to attempt to decide upon the sources of supply to the Mountain Lake or Lobos Creek.

The defendants may perhaps have inchoate or absolute rights to all the waters in controversy, and although much testimony has been introduced upon these controverted questions, upon reflection I am satisfied they cannot be determined in this action. They may be the subject matter of another suit.

The section of the act (§ 17 of the railroad act of 1851) under which defendants have heretofore proceeded to obtain the land, provides a remedy which, I think, perhaps is intended to meet cases like this, by authorising further proceedings to obtain the land in controversy; after the purchase of the land by the plaintiffs, defendants should have resorted to that remedy.

Decree ordered accordingly.