Hicks v. Michael.

HICKS v. MICHAEL et als.

WHERE, under the one hundred and sixteenth section of the Practice Act, an order is made to show cause why an injunction should not be granted, and restraining defendants until the hearing, and on the hearing upon the order the injunction is refused, the restraining order expires by limitation.

An appeal from an order refusing to grant an injunction upon such hearing, or from an order dissolving an injunction, does not create an injunction or prolong the restraining order in the former case, nor revive it in the latter, pending the appeal.

It is only of orders or judgments which command or permit acts to be done, that a stay of proceedings on appeal can be had.

The Court below may, on proper showing, revive an injunction once dissolved, or grant an injunction previously denied, and this is the extent of its power when the matter has been once disposed of.

The Supreme Court has no power to grant an injunction pending an appeal.

The complaint avers title in plaintiff to a tract of land, that the possession of defendants is forcible and unlawful, that an action for forcible entry has been commenced by plaintiff against defendants, and is still pending and undetermined, and asks for an injunction to restrain defendants from cutting and removing timber from the land, without seeking in this suit to be restored to the possession, the object of the suit being to preserve the property during the pendency of that action. *Held,* that injunction lies, although no action at law has been brought to try the title; that the jurisdiction of equity in such cases to grant, first, a temporary and subsequently a perpetual injunction, does not depend upon the question whether or not such action at law has been brought, that the rule under the English Chancery system was the same, and that our statute is not more restrictive.

Where the title of plaintiff is disputed in the answer the usua practice has been to ask the assistance of equity in aid of an action at law; but there are many cases in which the powers of a Court of Equity have been invoked in the first instance. And equity generally directs an issue at law as to the title, and awaits the action of the Court of Law upon that issue.

Injunctions to restrain injuries in the nature of waste should not be issued before the hearing on the merits, except in cases of urgent necessity, or when the subject matter of the complaint is free from controversy, or irreparable mischief will be produced by its continuance. But in all cases where the right is

Hicks *v.* Michael.

doubtful the Court should direct a trial at law, and in the meantime grant a temporary injunction to restrain all injurious proceedings, if there be danger of irreparable mischief.

In cases of waste, if anything is about to be abstracted from the land which cannot be restored *in specie,* it is no objection to the injunction that the party making it may possibly recover what others may deem an equivalent in money.

On application for injunction to restrain waste, or mischief analogous to waste, plaintiff may read affidavits contradicting the answer upon all the matters in controversy, including questions of title.

Granting and continuing injunctions rest very much in the sound discretion of the Court, to be governed by the nature of the case.

Where, on *motion* for a temporary injunction, an order is made requiring defendants to show cause why such injunction should not issue, and defendants file their answer contradicting the allegations of the complaint, and setting up new matter in defense of the action ; *Held,* that plaintiff may, at the hearing of the rule, read affidavits in support of his complaint.

The object of the practice of issuing an order to show cause before granting the injunction, is to enable the parties to present the case on the merits.

APPEAL from the Sixth District.

Application for *mandamus* to compel the Court below to fix the amount of a suspensive appeal bond, on an appeal from an order refusing to grant an injunction and dissolving a restraining order issued under the one hundred and sixteenth section of the Practice Act.

The suit was for possession of land. The bill charged that plaintiff had for a number of years past been in peaceable possession of a piece of land called " Hicks' Pocket"; that the land was and for a long time past had been inclosed ; that he had good title to the land, and that defendants, in the latter part of August, 1859, entered forcibly upon it and by means of threats, numbers and intimidation, retained the possession ; that he had brought an action of forcible entry, etc., against a part of defendants ; that pending the suit for forcible entry, defendants were cutting the timber and destroying the freehold ; that the defendants were insolvent, etc.

The answer denied the allegations.

*Robinson, Beatty & Heacock,* for the writ.

*E. B. Crocker, contra.*

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and Cor , J. concurring.

Upon the complaint in this cause, application was made for an injunction. The County Judge, to whom the application was made, issued an order upon the defendants, returnable on the twenty-ninth of October, to show cause why an injunction should not issue as prayed for, and restraining them from the commission of the acts which are the subject of complaint, "until the hearing of the whole matter." The hearing upon the order was continued until the eighth of December, when, by consent of the parties, it was brought on before the District Judge, who, after argument, refused the injunction and dissolved the restraining order. The plaintiff soon after applied to the Judge to fix the amount of a suspensive appeal bond, stating that it was his intention to appeal from the order, and that he had taken the necessary steps for that purpose. The Judge refused the application, so far as to fix the amount of a bond with a view to its operation to revive the restraining order, or as an injunction pending the appeal. Hence the motion for the *mandamus.*

The restraining order expired by its own limitation. It was issued under the provisions of the one hundred and sixteenth section of the Practice Act, and was intended only as a restraint upon the defendants, until the propriety of granting the provisional remedy of a temporary injunction could be determined after hearing the parties. The concluding words of the order do not operate to change it into an injunction pending the suit. They only refer to the whole matter on the motion, and not to the whole matter in controversy. The construction insisted upon by counsel is inconsistent with the very object of the requirement to show cause. The direction of the District Judge that the restraining order be dissolved was unnecessary, and was probably inserted out of abundant caution.

It follows that no injunction was granted in the case, but expressly refused. The appeal then which the plaintiff has taken, or proposes to take, is only from an order refusing an injunction, and the simple question is presented, whether an appeal from an order of this character can operate to create an injunction, or to prolong a restraining order, until the ruling of the Judge can be reviewed by the appellate Court. It is clear that no such effect can be given to an appeal, even when the most ample bond of indemnity is tendered. Where an injunction has been refused, there is nothing operative. A stay can only be sought of that which has an existence, and by its operation is supposed to work injury to the appellant. It is therefore, from the nature of the case,

only of orders or judgments which command, or permit some acts to be done, that a stay of proceedings can be had. (*Merced Mining Co.* v. *Fremont*, 7 Cal. 132.) Nor can an appeal operate to create an injunction under any circumstances. Injunctions are writs or orders of an extraordinary nature, and are never issued without a special direction of a Judge or the Court. To allow an appeal to have, in any case, the effect of creating an injunction, would be in conflict with both precedent and principle, and would in fact confer a power upon parties of the most dangerous character. We do not understand the learned counsel of the plaintiff as insisting upon any such doctrine, but as contending that the direction of the District Judge discharging the restraining order amounts to an order dissolving an existing injunction, and that the restraining order may be continued in force by a sufficient bond pending the appeal. We do not think the two cases alike. We think the restraining order expired by its own limitation; but for the purposes of the argument, we will regard the order as a temporary injunction, and the appeal as being made from an order dissolving the same. The plaintiff is in no better condition upon this hypothesis. An appeal does not revive an injunction once dissolved. This has been so often adjudicated that it is only necessary to refer to the authorities. In *Hoyt* v. *Gelston et al.* (13 John. 139) an injunction to stay proceedings at law was dissolved, and the party immediately entered an appeal from the order of dissolution. When the case at law was called for trial, the defendant, who had obtained the injunction in the Court of Chancery, insisted that the effect of the appeal taken by him was to suspend the operation of the order of dissolution and to revive the injunction, but the Court ordered the trial to proceed, and the Supreme Court held there was no irregularity in the proceeding, observing that, " to give such effect (that of a stay of proceedings, as if the injunction were in force) would be very mischievous in practice, and serve as a great engine of delay."

In *Wood* v. *Dwight*, (7 John's Ch. 295) an injunction staying execution at law was dissolved, and from the order of dissolution an appeal was taken to the Court of Errors. The defendant thereupon moved to proceed at law, notwithstanding the appeal, and in deciding the motion, Chancellor Kent said: " That after an order dissolving an injunction, or discharging a party from a writ of *ne exeat*, was duly entered, no subsequent appeal by the dissatisfied party could, of itself, affect the validity of the order, or revive the process, and give it force

and effect. An appeal only stays future proceedings in the Court; but here is no further proceeding. The order is perfect and finished, *eo instanti* that it is entered; and if the injunction could be revived by the mere act of the party in filing an appeal, it would be giving to him, not only a power of control over the orders of the Court, but of creating an injunction. The Supreme Court of this State, in *Hoyt* v. *Gelston,* (13 John's Rep. 139) held, that an injunction was not revived by an appeal, so as to operate a stay of proceedings at law ; and the Supreme Court of the United States, in *Young* v. *Grundy,* (6 Cranch, 51) held, that no appeal would even lie upon an interlocutory order dissolving an injunction. Whether an appeal can be sustained, is a question for the Court of Errors; but supposing it can be sustained, it is impossible that a process that is duly discharged, and *functus officio,* can be revived by the mere act of the party. How could this Court undertake to enforce the process, and punish contempts of it, in the very face of the order dissolving it ? When a process is once discharged and dead, it is gone forever ; and it never can be revived, but by a new exertion of judicial power. It is sufficient, in this case, to declare that the defendant is entitled to pursue his remedy at law, equally as if no injunction had issued; and no special leave to proceed is requisite." (See, also, *Garrow* v. *Carpenter et al.* 4 Stew. & Porter, 336 ; *Boren et al.* v. *Chisholm,* 3 Ala. 513.)

The case of *Hart & Hoyt* v. *The Mayor, Aldermen and Common Council of Albany et al.* (3 Paige, 381) is not in conflict with the authorities we have cited. Indeed, the Chancellor in that case expressly recognizes and approves them, and holds that an appeal from an order dissolving an injunction does not suspend the operation of the order so as to entitle the appellant to stay the proceedings as a *matter of right.* He, however, was of opinion that, as a matter of discretion, he could exercise jurisdiction to restrain the defendants, stating that the granting of the order for the injunction would " unquestionably be an original exercise of judicial power over the parties in the cause." He therefore granted in that case a temporary injunction, pending the appeal, but it was an original proceeding, not a revival of the injunction which had been dissolved.

We are not called upon to decide whether we could, in the exercise of a reasonable discretion, to give full effect to our appellate jurisdiction, under special circumstances direct an original writ of injunction to issue from this Court, to stay proceedings pending an appeal. No

case calling for the exercise of any such discretion is presented to us.

We are clear that the Court below possesses no such power. That Court may, upon a proper showing, revive an injunction once dissolved, or grant an injunction previously denied, and to that extent only—when the matter has been once disposed of—does its jurisdiction extend.

Motion for the peremptory *mandamus* denied.

After the *mandamus* was refused, the plaintiff appealed to the Supreme Court from the order, as is stated in the opinion was his intention, and applied to this Court for a temporary injunction, pending the appeal. This Court issued the writ. A motion was thereupon made by the respondents to dissolve the same. The motion to dissolve, and the appeal from the order refusing to grant an injunction, were heard together.

*Robinson, Beatty & Heacock,* for Appellant, and against the motion.

I. This Court can grant a restraining order to preserve property pending an appeal, on the general principle that every Court has power to preserve property, the subject of litigation before it, from destruction; and the fact that a Court is one of appellate jurisdiction does not deprive it of this power. It is a power essential to make effectual the right of appeal. (Const. art. 6, sec. 4; 2 Moorhead & Brown's Dig. (Ky.) 812; Id. vol. 1, pp. 61,·62.)

II. The Court below erred in excluding testimony in support of the complaint. (Pr. Act, sec. 118; *Krom* v. *Hagan,* 4 How. Pr. R. 225; *Schummacker* v. *Ref. Dutch Church of Kingston,* 5 Id. 268; *Miner* v. *Terry,* 6 Id. 208; *Crocker* v. *Baker,* 3 Abb. Pr. R. 183; Notes in Voorhies' Code, 272–4; and notes to secs. 225, 226, 9 Paige Ch. 504.)

III. Equity·has jurisdiction to grant the injunction, without there being any suit·at law to try the title.· (7 Ves. 305; 6 Id. 147; 18 Id. 184; 17 Id. 281; Id. 128; Id. 110.)

*E. B. Crocker,* for Respondents, and for the motion to dissolve.

I. This Court has no power to grant an injunction in a case like this.

The Constitution only confers appellate jurisdiction upon this Court, adding: "They shall also have power to issue all other writs and process necessary to the exercise of their appellate jurisdiction." (*Kane* v.

*Whittick*, 8 Wend. 229; *Calder* v. *Knickerbocker*, 2 Cow. 31; *Campbell* v. *Stokes*, 2 Wend. 145; *Houghton* v. *Starr*, 4 Id. 175; Graham on Jurisdiction, 606.)

"Appellate jurisdiction," *ex vi termini*, implies a resort from an inferior to a superior tribunal, for the purpose of revising the judgments of the former. (Hardin, 308.)

And where "writs" are spoken of, they refer to the means of revising the judgments of the inferior Courts.

And the appellate Court cannot entertain jurisdiction to inquire into any matter not first acted on by the inferior Court. (*Smith* v. *Carr*, Hardin, 305.) This appellate power is confined to the revision of matters of law arising on the face of the record. (*Commonwealth* v. *Porter*, 1 Marshall, 45.)

A *mandamus* cannot be awarded by a mere appellate Court, except to revise and correct a judicial decision. (Hardin, 609; 1 Bibb. 496, 310, 311; 6 Littell, 28.)

An appellate Court can only revise the adjudications of an inferior Court, wherein the rules of law or principles of equity appear from the files, records, or exhibits of such Court to have been erroneously determined. (*Beaubim* v. *Hamilton*, 3 Scam. 213.) Granting a lien upon its own judgment would be the exercise of original jurisdiction. (*Preston* v. *Daniels*, 2 Greene, 536.)

This Court has decided that, being strictly an appellate tribunal, it cannot issue a writ of *quo warranto*. (1 Cal. 85.)

It is an essential criterion of appellate jurisdiction, that it revises proceedings already instituted, and does not institute them. (*The People* v. *Turner*, 1 Cal. 143, citing *Marbury* v. *Madison*, 1 Cranch, 137, and other cases.)

The appellate Court cannot grant an injunction which has been refused by the Court of Chancery. (*Mayo* v. *Haines*, 2 Mumf. 423; *Read* v. *Murphy*, 2 Greene, (Iowa) 568; *Barry* v. *Gunn*, 2 Haywood, 67.)

In case of necessity for an injunction pending an appeal, the application must first be made to the District Court, and if refused, when it should have been granted, then such order of refusal could be reviewed by this Court, and that, too, without delay. But the point is, that the very order applied for must have been first applied for to the District Court.

It is urged that it was necessary, in order to preserve the property

pending the appeal; but this power of preserving the property of our citizens is vested by the Constitution in the District Court, and this Court can only revise and correct their action. The fact that an appeal is pending can make no difference, as the pendency of the appeal does not divest the District Court, as a Court of original jurisdiction, of its power to protect the property, where a proper case is presented for its action.

On this question, as to how far Courts can go in the exercise of appellate jurisdiction, see *Johnson* v. *Lancaster*, 5 Geo. 39 ; *Mansony's Case*, 1 Ala. 98 ; 19 Vt. 219 ; *Binford* v. *Alston*, 4 Dev. 354 ; *Bank of Newbern* v. *Stanly*, 2 Dev. 476.

II.   The District Court properly refused the injunction, because the answer denied all the material allegations of the complaint.   (1 Eden Inj. 146, note 1 ; 1 Johnson Ch. Rep. 211 ; 2 Id. 205 ; 4 Id. 31 ; *Crandall* v. *Woods*, 6 Cal. 449 ; *Gardner* v. *Perkins*, 9 Id. 553 ; *Burnett* v. *Whitesides*, 13 Id. 156.)

This case is governed by sec. 116 of the Practice Act, which makes no provision authorizing the plaintiff to fortify his complaint by affidavits against the denial of the answer, upon the hearing of the motion for an injunction, and it therefore leaves the law in such case as it was previously.

III.   The District Court properly refused the injunction, because the answer denied plaintiff's *title*, and set up an adverse title in defendants, there being no action at law pending to determine the title.

An injunction to stay waste or trespass will not be granted, when the plaintiff's title is disputed by the answer.   (2 Eden Inj. 233 and note ; 19 Vesey, 147 ; 7 Id. 305 ; 8 Id. 89 ; 16 Id. 56.)

Injunction to stay waste will not be granted, when the right is doubtful, or when the defendant is in possession, claiming adversely, and an *undetermined* action of ejectment is pending between the parties. (4 Johns. Ch. R. 21.)

The plaintiff must ask, not merely for a temporary injunction, but his complaint must show a case entitling him to final relief by a perpetual injunction.   (6 How. Pr. Rep. 89 ; 7 Id. 17 ; 5 Id. 463.)

On the motion to dissolve the injunction, COPE, J. at the July term, 1860, delivered the opinion of the Court — BALDWIN, J. concurring.

A motion is made in this case to dissolve an injunction granted by this Court, pending the appeal.   An examination of the question has

satisfied us that we had no authority to issue the writ. No such authority has been given to us by the Legislature; and we regard the matter as involving a mere question of practice, and the Legislature as having full and entire control of the subject. The injunction must, therefore, be dissolved, and it is so ordered.

On the appeal from the order refusing to grant the injunction, COPE, J. at the same term delivered the opinion of the Court—BALDWIN, J. concurring.

This is an action to enjoin the defendants from cutting and removing timber from land claimed by the plaintiff. It is contended that the averments of the complaint are insufficient to maintain the action. The grounds of objection are, that it appears that the defendants are in possession of the property, and that no action has been brought for the purpose of testing the legal rights of the parties. The title of the plaintiff is distinctly averred, and it is alleged that the possession of the defendants is forcible and unlawful, and that an action for a forcible entry has been commenced by the plaintiff, and is still pending and undetermined. The object of the present proceeding seems to be to preserve the property during the pendency of that action. The plaintiff does not ask to be restored to the possession, but he sets forth in the complaint all the averments necessary to raise an issue upon the question of title, and also upon every other question involved in the merits of the controversy. If he is the owner of the property, the relief which he asks is of the utmost importance, and he is undoubtedly entitled to it in some form. The question is, whether he is entitled to it under the particular circumstances of this case.

In looking into the cases of this character in which Courts of Equity have interposed by injunction, we do not find that the jurisdiction has ever been questioned upon the ground that no action at law had been brought to try the title. It has been frequently decided that, where the title of the plaintiff is disputed by the answer, an injunction could not be granted until the final hearing of the cause; but there is no case in which it has been held that a legal determination of the question of title, or the pendency of a suit for that purpose, was essential to the equitable jurisdiction of the Court. The usual practice has been to ask the assistance of equity in such cases in aid of an action at law; but there are many cases in which a different course has been pursued, and the powers of a Court of Equity invoked in the first instance.

Where the title of the plaintiff is disputed, and no action at law has been brought, the practice has generally been to direct an issue to be tried by a Court of Law, and to await the action of such Court upon the issue so directed.    The jurisdiction in such cases rests upon the ground of irreparable mischief, and the policy of preventing a multiplicity of suits, the remedy at law being entirely inadequate as a means of redress.

The injuries complained of in this case, and against which the plaintiff asks to be protected, are in the nature of waste, and it is observed in Eden on Injunctions, 233, that a Court of Equity is always more ready to listen to an application for an injunction on the ground of waste than on that of trespass.    The old rule was, that an injunction to prevent waste, or trespasses in the nature of waste, could only be granted when the parties stood in the relation of landlord and tenant, and not where the party, doing the act complained of, was a mere stranger.    But this rule has been relaxed, " And the relaxation," says an able annotator, " stands upon sound principle ; for, in many cases, irremediable mischief might be done to the inheritance, if an injunction were refused." (See note to *Hanson* v. *Gardiner*, 7 Ves. 305.)    It is said, in the same note, that the lord of a manor may, in respect of his manorial rights, obtain an injunction against trespass, in the nature of waste, which goes to deprive him of part of the substance of his inheritance.    This, indeed, is the very ground upon which, in such cases, injunctions are granted ; the defendant might, possibly, be able to pay for the mischief done, if it could ultimately be proved that his acts were tortious ; but, if anything is about to be abstracted which cannot be restored *in specie,* no man ought to be liable to have that taken away which cannot be replaced, merely because he may possibly recover, what others may deem, an equivalent in money.    Of course an injunction should not be issued, even to stay waste, before a hearing on the merits, except in cases of urgent necessity, or when the subject-matter of the complaint is free from controversy, or irreparable mischief will be produced by its continuance.    But in all cases where the right is doubtful, the Court should direct a trial, and in the meantime, if there be any danger of irreparable mischief, a temporary injunction should be ordered, so as to restrain all injurious proceedings.

It was formerly held, that affidavits could not be read in any case for the purpose of contradicting the answer ; but the policy of preventing irreparable mischief, has introduced an exception to this rule in

cases of waste, or of mischief analogous to waste. It has been contended, that this exception does not extend to questions of title; but it seems now to be settled that affidavits may be read against the answer in such cases, in respect to all matters of controversy. Indeed, the granting and continuing of injunctions rest very much in the sound discretion of the Court, to be governed by the nature of the case.

What we have said is sufficient to show the liberality with which relief is administered in equity cases analogous to the case at bar. We do not hesitate to say, that under the English Chancery system, nothing more would be required to maintain the action than the plaintiff has set forth in the complaint in this case, and we do not understand that our statute has introduced rules upon the subject of a more stringent and restrictive character.

In the Court below, a question arose as to the right of the plaintiff to read affidavits in support of the complaint, on a motion for a temporary injunction. An order had been made requiring the defendants to show cause why such an injunction should not be issued, and in response to this order they had filed an answer controverting the allegations of the complaint, and setting up new matter in defense of the action. The Court held that nothing could be considered but the complaint and answer. This was clearly erroneous. The object of the order could only have been to enable the parties to present the case on its merits, and we can conceive of no other object which the Legislature could have had in providing for such a practice. We have already held, that upon such an order the right to the injunction is to be regarded as adjudicated by the decision at the hearing. (See *Natoma Water and Mining Co.* v. *Parker*, decided at this term.)

The appeal is from an order refusing a temporary injunction, and it follows that the order is erroneous, and must be reversed.

Ordered accordingly.