SUCCESSION OF PADRÓ, PETITIONER, *v.* LLOREDA, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of Arecibo in Actions of Intervention in Ownership of Real Property, Injunction and Debt.

No. 176.—Decided February 8, 1917.

CERTIORARI—INJUNCTION—STAY OF EXECUTION—ACTION OF DEBT.—When a petition for an injunction to stay the execution of a judgment rendered in an action of debt is dismissed, it is not necessary to notify the petitioner of a motion by the plaintiff for a new writ of execution; and the court does not commit error in ordering such new writ to issue without hearing the petitioner.

ID.—ID.—APPEAL—EXECUTION.—An appeal from a ruling dismissing a petition for an injunction does not affect the jurisdiction of the court to order the execution of the judgment in the action in which the injunction was petitioned for, inasmuch as said appeal neither extends nor revives the preliminary injunction which would have remained virtually without effect upon the dismissal of the petition for injunction, even though it had not been expressly so adjudged in this case.

The facts are stated in the opinion.

*Mr. José de J. Esteves* for the petitioner.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is a proceeding in certiorari. The petitioning succession alleges that it filed a complaint of intervention in a certain action of debt brought by Virgilio Ramos and others against José Dolores Molina and others in the District Court of Arecibo, and at the same time prayed for an injunction to enjoin the sale of certain property of the petitioning succession which had been levied on in said action. The court entered a restraining order and after hearing the parties on the date set therefor, set aside the said order and dismissed the petition for an injunction. The petitioning succession appealed from that ruling to this court.

At that stage the plaintiff in the action of debt moved that the execution of the judgment be proceeded with and, consequently, that the property levied on be sold. The motion was sustained. The petitioning succession alleges that it received no notice of the plaintiff's motion; that it was not given a hearing by the court thereon, and that as an appeal was pending from the order denying an injunction, the court acted without jurisdiction.

We are of the opinion that the facts alleged by the petitioning succession in its petition for a writ of certiorari do not show that the district court acted without jurisdiction, or that it committed any error of procedure which should be corrected by this court.

When the plaintiffs in the action of debt made their motion for an alias writ of execution they were not obliged to

give notice thereof to the petitioner, who was not a party
to that action; and for a similar reason the court was not
bound to hear the petitioner or give it an opportunity to be
heard before disposing of the motion.

As to whether the appeal taken by the petitioning succes-
sion deprived the district court of jurisdiction to order the
execution of the judgment entered in the action of debt, in-
stead of discussing that question ourselves we will transcribe
the language of Stephen J. Field, for many years a justice
of the Supreme Court of the United States and chief justice
of the Supreme Court of California when he delivered the
opinion of the latter court in the case of *Hicks* v. *Michael,* 15
Cal. 107.  Mr. Justice Field expressed himself as follows:

"Upon the complaint in this cause, application was made for
an injunction.  The county judge, to whom the application was made,
issued an order upon the defendants, returnable on the twenty-ninth
of October, to show cause why an injunction should not issue as
prayed for, and restraining them from the commission of the acts
which are the subject of complaint, 'until the hearing of the whole
matter.'  The hearing upon the order was continued until the eighth
of December, when, by consent of the parties, it was brought on
before the district judge, who, after argument, refused the injunc-
tion, and dissolved the restraining order.  The plaintiff soon after
applied to the judge to fix the amount of a suspensive appeal bond,
stating that it was his intention to appeal from the order, and that
he had taken the necessary steps for that purpose.  The judge refused
the application, so far as to fix the amount of a bond with a view
to its operation to revive the restraining order, or as an injunction
pending the appeal.  Hence the motion for the mandamus.

"The restraining order expired by its own limitation.  It was
issued under the provisions of the one hundred and sixteenth sec-
tion of the Practice Act, and was intended only as a restraint upon
the defendants, until the propriety of granting the provisional remedy
of a temporary injunction could be determined, after hearing the
parties.  The concluding words of the order do not operate to change
it into an injunction pending the suit.  They only refer to the whole
matter on the motion, and not to the whole matter in controversy.
The construction insisted upon by counsel is inconsistent with the
very object of the requirement to show cause.  The direction of the

district judge that the restraining order be dissolved was unnecessary, and was probably inserted out of abundant caution.

"It follows that no injunction was granted in the case, but expressly refused. The appeal then which the plaintiff has taken, or proposes to take, is only from an order refusing an injunction, and the simple question is presented, whether an appeal from an order of this character can operate to create an injunction, or to prolong a restraining order, until the ruling of the judge can be reviewed by the appellate court. It is clear that no such effect can be given to an appeal, even when the most ample bond of indemnity is tendered. Where an injunction has been refused, there is nothing operative. A stay can only be sought of that which has an existence, and by its operation is supposed to work injury to the appellant. It is therefore, from the nature of the case, only of orders or judgments which command or permit some acts to be done, that a stay of proceedings can be had (*Merced Mining Co.* v. *Fremont,* 7 Cal. 132). Nor can an appeal operate to create an injunction under any circumstance. Injunctions are writs or orders of an extraordinary nature, and are never issued without a special direction of a judge or the court. To allow an appeal to have, in any case, the effect of creating an injunction would be in conflict with both precedent and principle, and would in fact confer a power upon parties of the most dangerous character. We do not understand the learned counsel of the plaintiff as insisting upon any such doctrine, but as contending that the direction of the district judge discharging the restraining order amounts to an order dissolving an existing injunction, and that the restraining order may be continued in force by a sufficient bond pending the appeal. We do not think the two cases alike. We think the restraining order expired by its own limitation; but for the purposes of the argument, we will regard the order as a temporary injunction, and the appeal as being made from an order dissolving the same. The plaintiff is in no better condition upon this hypothesis. An appeal does not revive an injunction once dissolved. This has been so often adjudicated that it is only necessary to refer to the authorities. In *Hoyt* v. *Gelston,* 13 John. 139, an injunction to stay proceedings at law was dissolved, and the party immediately entered an appeal from the order of dissolution. When the case at law was called for trial, the defendant, who had obtained the injunction in the court of chancery, insisted that the effect of the appeal taken by him was to suspend the operation of the order of dissolution and to revive the injunction, but the court ordered the trial to proceed, and the Supreme Court held there was no irregularity in

the proceeding, observing that, 'to give such effect (that of a stay of proceedings, as if the injunction were in force) would be very mischievous in practice, and serve as a great engine of delay.' " *Hicks* v. *Michael,* 15 Cal. 109–111.

In view of the foregoing, the petition for a writ of certiorari must be

*Denied.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.