SUCESIÓN PADRÓ, PETICIONARIA, *v.* LLOREDA, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de Arecibo en pleito sobre tercería de bienes inmuebles e *injunction* y cobro de pesos.

No. 176.—Resuèlto en febrero 8, 1917.

INJUNCTION—SUSPENSIÓN DE EJECUCIÓN DE SENTENCIA—COBRO DE PESOS—NUEVO AUTO DE EJECUCIÓN SIN OIR AL PETICIONARIO.—Desestimada una solicitud de *injunction* pidiendo la paralización de la ejecución de una sentencia dictada en un pleito sobre cobro de pesos, no es necesario notificar al peticionario una moción del demandante suplicando que se expida un nuevo auto de ejecución, y no comete error la corte que ordena la expedición de dicho nuevo auto sin oir al peticionario.

ID.—APELACIÓN—EFECTO DE LA APELACIÓN RESPECTO A LA EJECUCIÓN DE LA SENTENCIA.—Una apelación contra una resolución desestimando una solicitud de *injunction*, no despoja a la corte de su jurisdicción para ordenar que se ejecute la sentencia dictada en el pleito en que se presentó el *injunction*, ya que dicha apelación no prolonga ni revive el entredicho en que se puso a las partes, que aunque no se hubiera dejado como se dejó expresamente en este caso, hubiera siempre quedado virtualmente sin efecto al desestimarse la solicitud de *injunction*.

Los hechos están expresados en la opinión.

Abogado de la peticionaria: *Sr. José de J. Esteves.*

El juez demandado no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un caso de *certiorari.* La sucesión peticionaria alega que presentó una demanda de tercería en cierto pleito seguido por Virgilio Ramos y otros contra José Dolores Molina y otros, en cobro de dinero, en la Corte de Distrito de Arecibo, y acto seguido solicitó el libramiento de un auto de *injunction* a. fin de que se paralizara la venta de ciertos bienes embargados en dicho pleito pertenecientes a la sucesión peticionaria. La corte puso en entredicho a las partes, las oyó en la fecha señalada para ello, y luego disolvió el entredicho y desestimó totalmente la solicitud de *injunción*. La sucesión peticionaria apeló de la resolución de la corte.

Así las cosas, el demandante en el pleito sobre cobro de dinero pidió que continuara adelante la ejecución de la sentencia y por consiguiente que se vendieran los bienes embargados y la corte así lo acordó. La sucesión peticionaria alega que no se le notificó la moción del demandante, que no se le oyó por la corte en relación con la misma y que la corte en tal virtud y hallándose pendiente una apelación contra su resolución denegatoria del *injunction,* actuó sin jurisdicción.

A nuestro juicio los hechos alegados por la sucesión peticionaria en su solicitud de *certiorari,* no demuestran que la corte de distrito actuara sin jurisdicción ni que cometiera error de procedimiento alguno que deba corregirse por esta Corte Suprema.

Cuando la parte demandante en el pleito sobre cobro de dinero presentó su moción a la corte pidiendo un nuevo mandamiento de ejecución, no estaba obligada a notificar a la peticionaria que no era parte en el pleito, y por igual razón tampoco estaba obligada la corte a oirla o a darle una oportunidad de ser oída antes de resolver sobre el caso.

En cuanto a si la apelación interpuesta por la sucesión peticionaria despojó o no a la corte de distrito de jurisdicción para ordenar la ejecución de la sentencia dictada en el pleito sobre cobro de pesos, en vez de argumentar por nosotros mismos, transcribiremos las palabras de Stephen J. Field por tantos años juez de la Corte Suprema de los Estados Unidos y entonces Juez Presidente de la Corte Suprema de California, al emitir la opinión de este último tribunal en el caso de *Hicks* v. *Michael,* 15 Cal. 107. El juez Field se expresó así:

"En la demanda en este caso se solicitaba un *injunction*. El Juez del Condado, a quien la solicitud fué hecha, expidió una orden contra los demandados, el término para diligenciar la cual expiraba en 29 de octubre, para mostrar causa por la cual un *injunction* no debiera expedirse según se solicitaba, y para que se abstuvieran de

llevar a cabo cualquiera de los actos a que se refería la demanda, 'hasta que se viera el asunto en su totalidad.' El juicio derivado de esta orden fué suspendido hasta el 8 de diciembre, cuando, por consentimiento de las partes, fué llevado ante el juez del distrito, quien, después de haber éstas informado, denegó el *injunction*, y anuló la orden restrictiva. El demandante poco después solicitó del juez que fijara fianza para la apelación, manifestando que era su intención apelar de la orden, y que había dado los pasos necesarios al efecto. El juez denegó la solicitud en cuanto a fijar fianza para que tuviera el efecto de revivir la orden restrictiva, o el efecto de un *injunction* mientras quedaba pendiente la apelación. Entonces fué presentada la moción pidiendo el *mandamus*.

"La orden restrictiva expiró por haber prescrito. Fué expedida de acuerdo con las disposiciones del artículo 116 de la Ley sobre Práctica, y su intención era sólo restringir a los demandados en tanto se determinaba, previa audiencia de las partes, si procedía la concesión del remedio provisional de *injunction* preliminar. Las palabras finales de la orden no tienen el efecto de convertirla en un *injunction* efectivo durante la pendencia del pleito. Sólo se refieren a la totalidad de la cuestión levantada por la moción, y no a la totalidad del asunto en controversia. La interpretación en que el abogado insiste es inconsistente con el objeto mismo del requerimiento para mostrar causa. El pronunciamiento hecho por el juez de distrito al efecto de que la orden restrictiva debía anularse, era innecesario, y probablemente fué incluído debido a exceso de precaución.

"Se deduce que no fué concedido en el caso *injunction* alguno, sino expresamente denegado. Por consiguiente, la apelación que el demandante ha establecido o se propone establecer, es sólo contra la orden denegando un *injunction*, y la cuestión que se presenta es sencillamente si una apelación contra una orden de esa naturaleza puede tener el efecto de crear un *injunction*, o de prolongar una orden restrictiva, mientras la decisión del juez es revisada por la corte de apelación. Es claro que no puede darse tal efecto a una apelación por más amplia fianza de indemnización que se preste. Cuando un *injunction* ha sido denegado, nada efectivo existe. Sólo puede gestionarse la suspensión de algo que tiene existencia y cuya vigencia se supone ha de causar perjuicio al apelante. Por tanto, dada la naturaleza del caso, sólo puede obtenerse una suspensión de procedimientos en cuanto a órdenes o sentencias que mandan o permiten hacer ciertos actos. (*Merced Mining Co.* v. *Fremont*, 7 Cal. 132.)

Ni puede una apelación tener el efecto de crear un *injunction,* bajo circunstancia alguna.   Los *injunctions* son autos u órdenes de naturaleza extraordinaria, y jamás son expedidos sin que medie orden especial del juez o de la corte.   Permitir que una apelación tenga el efecto de crear un *injunction,* cualquiera que sea el caso, estaría en oposición con los precedentes y principios legales sobre la materia, y daría en efecto a las partes un poder de naturaleza muy peligrosa. No hemos creído que el ilustre letrado del demandante insista en tal doctrina, sino en la de que el pronunciamiento del juez de distrito anulando la orden restrictiva equivale a una orden anulando el *injunction* existente, y que la orden restrictiva puede continuarse en vigor por medio de fianza suficiente, mientras pende la apelación. No entendemos que los dos casos sean idénticos.   Creemos que la orden restrictiva expiró por haber prescrito; pero, a los efectos de la argumentación, consideraremos la orden como un *injunction* preliminar, y que la apelación fué contra una orden anulándolo.   El demandante no queda en mejores condiciones aun bajo esta hipótesis. Una apelación no revive un *injunction* que ha sido anulado.   Esto ha sido establecido tan a menudo que sólo es necesario hacer referencia a las autoridades.   En el caso de *Hoyt* v. *Gelston,* 13 John, 139, fué anulado un *injunction* para suspender un procedimiento en ley, y la parte inmediatamente entabló una apelación contra la orden de nulidad.   Cuando el caso en ley fué llamado a juicio, el demandado, que había obtenido el *injunction* en la Corte de Equidad, insistió que en la apelación por él entablada tenía el efecto de suspender la vigencia de la orden de nulidad y revivir el *injunction,* pero la corte ordenó que se prosiguiera el juicio, y la Corte Suprema resolvió que no había habido irregularidad alguna en el procedimiento, expresando que 'dar tal efecto (el de suspender los procedimientos, como si el *injunction* estuviera en vigor) sería muy perjudicial en la práctica, y constituiría una poderosa fuente de demora.' '' *Hicks* v. *Michael,* 15 Cal. 109–111.

Por virtud de todo lo expuesto, debe declararse no haber lugar a expedir el auto de *certiorari* que se solicita.

*Denegada la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.