Loíza Sugar Company, Demandante y Apelada, *v.* Hernaiz y Albandoz, Demandados y Apelante el Segundo.

Apelación procedente de la Corte de Distrito de San Juan, Distrito Segundo, en pleito sobre confesoria de servidumbre.

No. 2885.—Resuelto en marzo 25, 1924.

*Injunction;* Juramento Válido.—Expresar en el juramento de una solicitud de *injunction* que los hechos alegados le constan de propio y personal conocimiento al que jura, equivale a afirmar la certeza de tales hechos.

Id. Solicitud Suficiente—Alegaciones de la Solicitud—''Remedio Adecuado en Ley.''—No es necesario que se alegue con las exactas palabras ''que se carece de un remedio adecuado en ley'' para que se pueda solicitar un *injunction,* si de los hechos expuestos en la solicitud puede llegarse a esa conclusión.

Id.—Id.—''Daño Irreparable.''—La palabra ''irreparable'' ha adquirido en la ley sobre *injunction* una significación que tal vez no está en completa armonía con su etimología o su significado literal. Hay daños incapaces de ser reparados que una corte de equidad no considera como irreparables. Y por otra parte existen daños que pueden repararse, que se considerarán, sin embargo, como irreparables si la persona que los causa o amenaza causarlos es insolvente o no puede responder por daños y perjuicios. Según se usa generalmente la palabra significa aquello que no puede repararse, restablecerse o recompensarse de modo adecuado con dinero, o cuando la compensación no puede estimarse con seguridad.

Id.—Id.—Cuando se habla de un daño irreparable no quiere decirse que el mismo esté fuera de la posibilidad de ser reparado o de ser compensado en una acción de daños y perjuicios, sino que ha de ser de tan constante y frecuente repetición que no pueda obtenerse ningún remedio adecuado o razonable para el mismo, en una corte que administra justicia de acuerdo con la ley.

*Injunction Temporal*—Discreción Judicial.—La concesión de un *injunction* temporal descansa en la discreción de la corte, que debe ejercitarse en favor de la parte que pueda resultar más perjudicada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. P. Amado Rivera.*

Abogado de la apelada: *Sr. E. Acuña.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Se trata de un *injunction* preliminar. Entablada demanda por la Loíza Sugar Company contra Luis Hernáiz y José Albandoz sobre acción confesoria de servidumbre, la demandante solicitó de la corte que expidiera una orden prohibiendo a los demandados que impidieran a la demandante usar

el ferrocarril que para la conducción de cañas dulces tenía la demandante construído sobre tierras de los demandados. La corte puso en entredicho a las partes y fijó un día para oirlas. Entre tanto el demandado Albandoz presentó una moción solicitando que la petición fuera desestimada. La corte declaró la moción sin lugar y después de haber oído a las partes y por el mérito de la prueba practicada, decretó el *injunction* preliminar solicitado, fijando la fianza que debía prestar la demandante.

No conforme el demandado Albandoz apeló para ante este tribunal señalando en su alegato la comisión de siete errores.

Argumentando el primer error sostiene el apelante que la petición de *injunction* debió ser desestimada (*a*), por no estar debidamente jurada y (*b*), por falta de hechos suficientes para determinar el derecho de la peticionaria al remedio solicitado.

En lo pertinente el juramento dice:

"Que he leído la precedente solicitud de Injunction y conozco el contenido de la misma; y que los hechos alegados en los párrafos 1º., 2º., 3º., 5º., y 6º., me constan de propio y personal conocimiento; constándome por información y creencia de personas a quienes creo verídicas, los hechos alegados en el párrafo 4º."

Alega el apelante que ese juramento no cumple las exigencias del artículo 118 del Código de Enjuiciamiento Civil, porque el que jura no afirma *que es cierto lo alegado*. Y alega a su vez la apelada que aunque el juramento no usa las palabras de la ley, cumple con lo exigido por ella. Y tiene razón a nuestro juicio, porque habiendo afirmado el que jura que le *constan* los hechos, tal afirmación envuelve la de la certeza requerida por la ley. *Constar*, procede de la palabra latina *constare* que se compone de *cum*, con, y *stare*, estar en pie, y significa según los diccionarios, *ser cierta y manifiesta una cosa*. No obstante la conclusión a que hemos llegado, deseamos expresar que la mejor prác-

tica es seguir las palabras de la ley, en evitación de demoras y dificultades.

La falta de hechos según el apelante consiste en que en la petición no se alega que la peticionaria carezca de un remedio adecuado en ley y en que no resulta daño irreparable de los hechos expuestos.

En la solicitud de *injunction* se alegó, en resumen, que la demandante es dueña de una Central y de un sistema de ferrocarriles para la conducción de cañas a la Central; que los demandados son dueños de cierta finca que se describe sobre la cual pasa el ferrocarril de la demandante desde 1893 a virtud de un contrato debidamente celebrado con los anteriores arrendatarios y ratificado por los actuales dueños de la indicada finca, y que en cierta fecha uno de los demandados se opuso al funcionamiento del ferrocarril, oposición que impedía a la demandante el transporte aproximadamente de mil quinientas toneladas de caña pendiente de ser molidas, y que la conducción de dichas cañas "por cualquiera otra vía distinta de aquella, sólo podía efectuarse determinando considerables aumentos en el costo de arrastres, notables demoras de tiempo y graviosas pérdidas y desmerecimientos en el número y condición de dichas cañas, todas cuyas circunstancias determinarán necesariamente daños de consideración para vuestra peticionaria, cuya cuantía compensatoria se hace a éste muy difícil precisar, en el caso de que aquella proporcionase un remedio adecuado."

No es necesario que se alegue con las exactas palabras "que se carece de un remedio adecuado en ley" para que se pueda solicitar un *injunction,* si de los hechos expuestos en la solicitud puede llegarse a esa conclusión. Y a nuestro juicio ese es aquí el caso, tratándose, como se trata, especialmente de un *injunction* solicitado dentro de un pleito y siendo aparente que la continuación del acto que se trata de impedir habría de causar perjuicios de consideración,

irreparables dentro del concepto que esta palabra tiene en la jurisprudencia, durante la sustanciación del litigio.

"La palabra 'irreparable' ha adquirido en la ley sobre *injunction* una significación que tal vez no está en completa armonía con su etimología o su significado literal. Hay daños incapaces de ser reparados que una corte de equidad no considera como irreparables. Y por otra parte existen daños que pueden repararse, que se considerarán, sin embargo, como irreparables si la persona que los causa o amenaza causarlos es insolvente o no puede responder por daños y perjuicios. Según se usa generalmente la palabra significa aquello que no puede repararse, restablecerse o recompensarse de modo adecuado con dinero, o cuando la compensación no puede estimarse con seguridad." 14 R. C. L. 346.

"Cuando se habla de un daño irreparable no quiere decirse que el mismo esté fuera de la posibilidad de ser reparado o de ser compensado en una acción de daños y perjuicios, sino que ha de ser de tan constante y frecuente repetición que no pueda obtenerse ningún remedio adecuado o razonable para el mismo en una corte que administra justicia de acuerdo con la ley." 6 Encyc. of U. S. Sup. Ct. Rep. 1041-3.

Los otros errores se refieren a la práctica y a la apreciación de las pruebas. Para exponerlos con claridad y discutirlos, necesitaríamos alargar innecesariamente esta opinión. Sólo hay entre ellos una cuestión digna de estudio en verdad y es la de la duración de la sociedad Hernáiz y Cía. con la que se celebró o la que ratificó el contrato sobre el paso del ferrocarril, pero como resolverla sería quizá prejuzgar la decisión definitiva del pleito sobre servidumbre, nos abstenemos de ello. Un estudio de la totalidad del asunto nos lleva a concluir que la corte de distrito no abusó de su poder discrecional y sabido es que la concesión de un *injunction temporal* descansa en la discreción de la corte, que debe ejercitarse en favor de la parte que pueda resultar más perjudicada. *Morfi* v. *Fajardo Development Co.,* 17 D. P. R. 798. No hay duda alguna de que la parte más perjudicada aquí era la demandante que de súbito, cuando estaba pagando el precio estipulado para ello, se ve impe-

dida de funcionar su ferrocarril como venía haciéndolo por años, en el período de zafra, para conducir cañas pendientes de molienda. Si finalmente se resolviera que la demandante no tenía razón, su fianza responderá de los perjuicios que puedan haber recibido los demandados.

Parece conveniente agregar que el demandado Hernáiz nada gestionó en el pleito ni apeló de la orden de *injunction* y que el otro demandado apelante insiste, en la discusión de alguno de los errores que señala, en demostrar que no debió expedirse el mandamiento porque no se probó que él se opusiera al funcionamiento del ferrocarril.

A virtud de todo lo expuesto, debe confirmarse la orden recurrida.

*Confirmada la orden recurrida.*

Jueces concurrentes: Sres Asociados Wolf, Aldrey, Hutchison y Franco Soto.