Rosa María Arias Ríos, demandante y apelante, *v.* Eduardo Díaz Brink y su esposa Irene Alvarado Colón y el Márshal de la Corte de Distrito de Ponce, P. R., demandados y apelados.

Núm. 7928.—*Sometido:* Diciembre 19, 1939.　*Resuelto:* Febrero 8, 1940.

*R. Atiles Moréu,* abogado de la apelante; *V. Zayas Pizarro,* abogado de los esposos Díaz Brink-Alvarado, apelados.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El demandado Eduardo Díaz Brink y su esposa ejecutaron por la vía sumaria una hipoteca constituída a su favor sobre una casa perteneciente a la demandante. Adjudicada la casa a los demandados y librada una orden para que el márshal les diera posesión y lanzara de la finca a la demandante, acudió ésta ante la Corte de Distrito de Ponce alegando su derecho de hogar seguro sobre la casa que le fué ejecutada, basándolo en que ella y su familia han ocupado dicha casa desde que la adquirieron en 21 de diciembre de 1921; que nunca ha renunciado su derecho de *homestead,* ni el mismo le ha sido pagado en momento alguno por los demandados, como condición previa al lanzamiento, a pesar de haber sido requeridos para ello. Solicitó la demandante se dictara sentencia reconociendo su derecho de hogar seguro, decretando un *injunction* permanente para que los demandados se abstengan de lanzarla de la finca sin antes pagarle la suma de $500 por sus derecho de *homestead,* y condenando a los demandados en costas y honorarios de abogado.

Librada orden para que los demandados mostraran causa por la cual no debiera expedirse el auto de *injunction* preliminar solicitado, se abstuvieron dichos demandados de comparecer. Y celebrada la vista con la sola audiencia de la demandante, la corte de distrito dictó sentencia declarando sin lugar la demanda en todas sus partes, sin especial pronunciamiento en cuanto a costas y honorarios. La demandante ha interpuesto el presente recurso, alegando que la corte abusó de su discreción al negarse a librar el *injunction* preliminar; que cometió grave error al fallar el caso en su fondo sin oír a las partes; y que aplicó erróneamente el artículo 175 del Reglamento de la Ley Hipotecaria al resolver que la demanda de *injunction* tendía a interrumpir el procedimiento sumario ejecutivo.

En noviembre 28, 1939, después de haberse radicado la transcripción de autos en la secretaría de este tribunal, la

parte apelante presentó una moción en la que alega que después de haberse radicado el escrito de apelación la corte inferior dictó nueva orden para que se pusiera en posesión a los acreedores ejecutantes, orden que fué ejecutada, lanzándose de la casa a la demandante; que habiéndose ejecutado *pendente lite* los actos que se trataron de impedir por el *injunction,* procede se dicte sentencia por daños y perjuicios y se condene a los demandados a pagar a la demandante los $500 por su derecho de *homestead;* y que habiendo sido destruída la casa en cuestión no procedería un *injunction* mandatorio para restablecer el statu quo.

En oposición a dicha moción alegan los demandados apelados que en ninguna parte del récord aparece que ante la corte inferior se practicara prueba alguna para establecer el derecho de *homestead* que se reclama; que según aparece de una certificación que se acompaña al escrito de oposición, la demandante tiene interpuesta ante la Corte Municipal de Ponce una acción contra los aquí demandados, en reclamación de su alegado derecho de hogar seguro, en cuya acción la demandante tiene un remédio legal expedito.

Sin expresar opinión alguna en cuanto a los méritos de la sentencia apelada, nos inclinamos a resolver que el presente recurso debe ser declarado sin lugar por las razones que pasamos a exponer.

■■ Ejecutados los actos que la demandante trató de impedir mediante *injunction,* la apelación contra la sentencia denegatoria del auto se convierte en académica, pues no sería posible impedir la realización de un hecho ya consumado ni ordenar por medio de *injunction* la reconstrucción de una casa que ya no existe. La demandante apelante pudo, al radicar su escrito de apelación, acudir ante esta Corte Suprema en demanda de un *injunction* en apoyo de su apelación. No habiéndolo hecho así, la corte inferior quedó en libertad para hacer cumplir su orden de entrega de posesión a los demandados, no obstante la apelación interpuesta por la demandante, pues esa apelación no produce el efecto de

prohibír, mientras se tramita la apelación, la ejecución del acto que se trataba de impedir por el *injunction* denegado. *Sucesión Padró* v. *Lloreda,* 24 D.P.R. 766; *Viñas* v. *Lloreda,* 25 D.P.R. 35.

██ No habiéndose ofrecido a la corte inferior evidencia alguna que establezca el derecho de *homestead* reclamado por la demandante, esta Corte Suprema no puede, en ausencia de tal prueba, conceder la indemnización de $500 que se reclama. Nuestra facultad está definida por el artículo 306 del Código de Enjuiciamiento Civil (ed. 1933), que lee así:

"Cuando se revocare la sentencia, orden o decreto del tribunal inferior, la corte procederá a pronunciar la sentencia, orden o decreto que debió haber dictado el tribunal inferior, salvo los casos en que fuere necesario aclarar determinados puntos de hecho, o que la indemnización que hubiere de fijarse o materia sobre la cual hubiere que decretarse, fuere dudosa, pues en cualquiera de estos casos se devolverá la causa para su revisión al tribunal inferior.

". . . . . . . ."

La devolución del caso a la corte de distrito, para ulteriores procedimientos, o sea para que las partes interesadas tengan una oportunidad de presentar pruebas en apoyo de sus respectivas contenciones, en nada beneficiaría a la apelante, pues dicha corte carecería de jurisdicción original para conocer de un caso como éste cuya cuantía no excede de la suma de $500. ██ Además, la parte apelante, según consta de la certificación expedida por el secretario de la Corte Municipal de Ponce, tiene pendiente ante dicha corte una demanda contra los aquí demandados y apelados, en reclamación de $500 por concepto de hogar seguro. Allí podrá obtener la demandante apelante remedio legal adecuado para la protección del derecho que acredite tener. Existiendo un remedio legal adecuado, al cual ha recurrido la apelante, no procede la intervención de la equidad por medio de *injunction.*

*Debe desestimarse el recurso y confirmarse la sentencia recurrida, sin perjuicio de que la demandante pueda proseguir su acción ante la Corte Municipal de Ponce.*