ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| THE STADIUM, LLC, Apelante, v. **COMISIÓN DE JUEGOS DEL GOBIERNO DE PUERTO RICO**; PUERTO RICO HOTEL & TOURISM ASSOCIATION, Apelada. | KLAN202301083 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de San Juan. Civil núm.: SJ2023CV09566. Sobre: *injunction* y sentencia declaratoria. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 29 de enero de 2024.

Comparece la parte apelante The Stadium, LLC (Stadium), y nos solicita que revoquemos la *Sentencia* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 13 de noviembre de 2023. Mediante la misma, el foro primario desestimó la demanda de *injunction* y sentencia declaratoria presentada por la apelante, dada la ausencia de un daño irreparable y por falta de legitimación activa.

Por los fundamentos que expondremos a continuación, **confirmamos** la sentencia apelada.

I

El 24 de octubre de 2023, Stadium presentó una *Demanda Enmendada*[1] contra la Comisión de Juegos del Gobierno de Puerto Rico (CJPR)[2]. Ello, al amparo de las Reglas 57 y 59 de Procedimiento Civil, 32 LPRA Ap. V, y los Artículos 675-678 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421-3533.

En lo pertinente, alegó que la Orden Administrativa OACJ-AD-23-16, publicada y notificada por la CJPR el 22 de septiembre de 2023, resultaba

---

[1] La demanda original había sido presentada el 11 de octubre de 2023.

[2] *Véase*, apéndice del recurso, a las pags.170-205.

Número identificador

SEN2024_____

contraria al texto de la Ley Núm. 81-2019, según enmendada, intitulada *Ley de la Comisión de Juegos del Gobierno de Puerto Rico*, 15 LPRA sec. 981-984d, toda vez que, como resultado de la orden promulgada, la CJPR había comenzado a autorizar puntos temporales de registro de apostadores en lugares abiertos al público en general.

Adujo, de modo general, que dicha acción le ocasionó daños irreparables. En particular, sostuvo que había incurrido en gastos y en aquellas medidas necesarias para cumplir con la Ley Núm. 81-2019, así como había incurrido en los costos de licenciamiento, mientras que la referida orden permitía que aquellas personas, con una licencia menos costosa, acaparasen el mercado mediante el establecimiento de puntos temporales. Por tanto, solicitó al foro primario que declarara la orden administrativa *ultra vires* y, por tanto, inválida. Además, solicitó que se ordenase a la CJPR cesar y desistir de autorizar el registro de jugadores en cualquier lugar que no fuere uno autorizado como operador.

Por su parte, la Puerto Rico Hotel & Tourism Association, quien solicitó intervenir en el pleito, y la CJPR presentaron sendas mociones de desestimación[3]. En síntesis, adujeron que Stadium carecía de legitimación activa para presentar la solicitud de *injunction* preliminar y permanente, en tanto no había demostrado un daño claro y palpable. Señalaron que la solicitud de Stadium no cumplía con el requisito esencial para la emisión de un *injunction*; a decir, un daño irreparable.

El 6 de noviembre de 2023, Stadium presentó su oposición a las mociones de desestimación[4]. En ella, reiteró su postura en cuanto a la ilegalidad de la OACJ-AD-23-16. Respecto a los daños, adujo que conforme había expuesto en su demanda emendada, la OACJ-AD-23-16 permitió a los jugadores registrarse en lugares no autorizados por la legislación y, en consecuencia, ello había reducido el número de jugadores

---

[3] *Véase*, apéndice del recurso, a las págs. 298-325.

[4] *Íd.*, a la págs. 326-349

potenciales que se podrían registrar con Stadium. En esencia, planteó que la orden administrativa reducía el volumen de su negocio.

Evaluados los escritos de las partes, el Tribunal de Primera Instancia emitió una *Sentencia* el 13 de noviembre de 2023[5], en la que declaró con lugar las mociones de desestimación presentadas por la CJPR y por la asociación.

Inconforme, el 1 de diciembre de 2023, Stadium compareció ante nos y formuló los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al determinar que la Orden Administrativa es consistente con a Ley Núm. 81, *supra*, en contravención al claro lenguaje de la Ley y su intención legislativa y a pesar de concluir que la parte apelante carecía de legitimación activa por no haber sufrido un daño.

> Erró el Tribunal de Primera Instancia al determinar que la parte apelante carecía de legitimación activa, tanto para promover un recurso de interdicto, como para instar un recurso de sentencia declaratoria, por no haber sufrido un daño.

(Énfasis suprimido).

Por su parte, el 29 de diciembre de 2023, la CJPR presentó su alegato en oposición. En lo pertinente, reiteró sus argumentos relacionados a la falta de legitimación activa y a la ausencia de daños irreparables sufridos por Stadium.

Con el beneficio de la comparecencia de las partes litigantes, resolvemos.

II

A

La intervención judicial se puede ejercer únicamente cuando esté presente un caso o controversia, y no en aquellas circunstancias en las que exista "una disputa abstracta cuya solución no tendrá consecuencias para las partes". *Fund. Surfrider y otros v. A.R.Pe.*, 178 DPR 563, 572 (2010). Ello asegura que quien promueva una acción posea un verdadero interés en el litigio de su causa de acción y, con toda probabilidad, la proseguirá

---

[5] *Véase*, apéndice del recurso, a las págs. 350-364.

enérgicamente. *Íd*. Para determinar que existe un caso o controversia, se han establecido varias doctrinas de autolimitación. Entre ellas, se evalúa la legitimación activa de quien acude ante el foro judicial. *Muns. Aguada y Aguadilla v. JCA*, 190 DPR 122, 131 (2014).

La legitimación activa se refiere a la condición o atributo que permite a una persona comparecer a un foro judicial a reclamar un derecho. Es uno de los requisitos que dan vitalidad al principio de justiciabilidad. *PPD v. Gobernador I,* 139 DPR 643, 665-666 (1995). Esta doctrina dicta:

> [C]uando un litigante solicita la revisión judicial sobre la constitucionalidad de una acción o decisión administrativa a través de un pleito civil, este tiene que demostrar que: (1) **ha sufrido un daño claro y palpable**; (2) **el daño es real, inmediato y preciso, no abstracto o hipotético**; (3) existe una relación causal razonable entre la acción que se ejercita y el daño alegado, y (4) la causa de acción debe surgir al amparo de la Constitución o de alguna ley.

*Fund. Surfrider y otros v. A.R.Pe.*, 178 DPR, a la pág. 572. (Énfasis nuestro).

B

La Regla 57 de Procedimiento Civil, 32 LPRA Ap. V, y los Artículos 675 y 687 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3521, *et seq.*, son las disposiciones de ley que regulan en nuestro ordenamiento el recurso del *injunction*. En particular, la Regla 57 de Procedimiento Civil establece la existencia de tres modalidades de *injunction*, a saber: (a) el entredicho provisional, (b) el *injunction* preliminar y (c) el *injunction* permanente.

En Puerto Rico, el interdicto es el instrumento más eficaz para vindicar los derechos protegidos por nuestra Constitución. *Pedraza Rivera v. Collazo Collazo*, 108 DPR 272, 276 (1979). Este remedio provisional se emite en cualquier momento de un pleito, después de celebrada una vista en la que las partes hayan presentado prueba en apoyo y en oposición de tal solicitud. *Mun. de Ponce v. Gobernador*, 136 DPR 776, 784 (1994). Su propósito fundamental es mantener el *statu quo,* hasta tanto se celebre un juicio en los méritos para adjudicar la controversia en cuestión. *Asoc. Vec. Villa Caparra v. Asoc. Fom. Educativo*, 173 DPR 304, 316 (2008).

Con la expedición de una orden de *injunction* preliminar, sea para requerir o prohibir un acto, se evita que la conducta del demandado produzca una situación que pueda convertir en académicos los reclamos del demandante y, por ende, la sentencia que en su día se dicte. *Íd.* Además, este recurso extraordinario tiene como fin evitar que se causen perjuicios inminentes o **daños irreparables** a alguna persona, en los casos en que no hay otro remedio adecuado en ley. *E.L.A. v. Asociación de Auditores*, 147 DPR 669, 679 (1999). El Tribunal Supremo de Puerto Rico ha reiterado que la expedición de un *injunction* preliminar descansa en el ejercicio de la sana discreción del tribunal. *Misión Ind. P.R. v. J.P. y A.A.A.*, 142 DPR 656, 680 (1997).

Del mismo modo, el Tribunal Supremo estableció en *Puerto Rico Telephone Company v. Tribunal Superior*, 103 DPR 200, 202 (1975), y reiteró en *Asoc. Vec. Villa Caparra*, 173 DPR, a la pág. 319, los criterios que el foro judicial deberá evaluar al determinar si concede o no un *injunction*: **"a) la naturaleza de los daños que pueden ocasionárseles a las partes de concederse o denegarse el *injunction*; b) su irreparabilidad o la existencia de un remedio adecuado en ley; c) la probabilidad de que la parte promovente prevalezca en los méritos"**. (Énfasis nuestro).

Valga aclarar que tales criterios se acogieron y consignaron en la Regla 57.3 de las de Procedimiento Civil de 2009, disposición que añade los siguientes criterios: "(d) la probabilidad de que la causa se torne en académica; (e) el impacto sobre el interés público del remedio que se solicita, y (f) la diligencia y la buena fe con que ha obrado la parte peticionaria".

De otra parte, el concepto "**irreparable**" significa aquello que no puede repararse, restablecerse o recompensarse de modo adecuado con dinero, o cuando la compensación no puede estimarse con seguridad. *Loíza Sugar Co. v. Hernández y Albandoz*, 32 DPR 903 (1924).

Estos requisitos no son absolutos, más bien se trata de unas guías que dirigen al tribunal al momento de determinar si se justifica la expedición del recurso. *Next Step Medical v. Bromedicon*, 190 DPR 474, 487 (2014). "La concesión del remedio descansará en la *sana discreción* judicial, que se ejercerá al considerar tanto los intereses como las necesidades de las partes involucradas en el caso." *Íd.* (Citas omitidas). Debe expedirse ante "una demostración de clara e inequívoca violación de un derecho." *Íd.* La determinación que haga el tribunal primario está revestida de una presunción de corrección y "**no se revocará en apelación, a menos que se demuestre que el foro abusó de su facultad**." *Íd.* (Énfasis nuestro). Por otro lado, de haberse ejecutado los actos que se tratan de impedir mediante *injunction*, la apelación contra la sentencia denegatoria del auto se convierte en ilusoria. *Arias v. Díaz*, 56 DPR 91 (1940).

Además, resulta preciso aclarar que el Tribunal Supremo de Puerto Rico ha reiterado que el recurso de *injunction* **no** es el procedimiento adecuado para determinar la constitucionalidad o la validez de la actuación de una agencia o corporación pública si su actuación esta amparada en una ley. Véase, *Arrarás v. Tribunal Superior*, 100 DPR 379, 383 (1972). Así mismo surge del Art. 678 del Código de Enjuiciamiento Civil, que establece que un *injunction* no podrá otorgarse:

.        .        .        .        .        .        .        .

> (3) Para impedir la aplicación u observancia de cualquier ley de la Asamblea Legislativa de Puerto Rico, o el cumplimiento de cualquier actuación autorizada por ley de la Asamblea Legislativa de Puerto Rico, de un funcionario público, de una corporación pública, o de una agencia pública, o de cualquier empleado o funcionario de dicha corporación o agencia, **a menos que se hubiera determinado por sentencia final, firme, inapelable e irrevisable que dicha ley o actuación autorizada por ley es inconstitucional o inválida.**

.        .        .        .        .        .        .        .

32 LPRA sec. 3424. (Énfasis nuestro).

### III

Los planteamientos de la parte apelante se reducen a argüir que el Tribunal de Primera Instancia erró al determinar que la Orden

Administrativa OACJ-AD-23-16 resulta incompatible con la Ley Núm. 81-2019, 15 LPRA sec. 981, *et seq.*, y que, a su vez, incidió al concluir que carecía de legitimación activa, tanto para promover un recurso de interdicto, como para instar un recurso de sentencia declaratoria, por no haber sufrido un daño.

Por la naturaleza de los errores señalados, nos corresponde determinar si el Tribunal de Primera Instancia erró al desestimar la demanda de *injunction* instada por la parte apelante.

En su recurso, Stadium insiste en que los daños económicos que podría sufrir, los cuales alegó de manera escueta, son suficientes para satisfacer el requisito de daño claro y palpable exigido para considerar que se cuenta con legitimación activa para instar una demanda. Aún más, que cumple con el requisito esencial de daño irreparable que el tribunal debe considerar antes de expedir un recurso extraordinario, como lo es un *injunction*.

Según discutimos, al determinar si procede la expedición de un *injunction* el tribunal deberá evaluar la naturaleza de los daños que pueden ocasionársele a la parte de concederse o denegarse el mismo, su irreparabilidad o la existencia de un remedio adecuado en ley y, finalmente, la probabilidad de que la parte promovente prevalezca en los méritos. De igual modo, aclaramos que el recurso de *injunction* **no** es el procedimiento adecuado para determinar la constitucionalidad o la validez de la actuación de una agencia o corporación pública si su actuación está amparada en una ley.

Por tanto, colegimos, al igual que el Tribunal de Primera Instancia, que en este caso la orden administrativa impugnada goza de una presunción de corrección.

El estudio del expediente revela que los daños alegados por la apelante en su demanda resultan, como bien determinó el foro primario, escuetos y conclusorios. Ello así, pues se refieren estrictamente a daños económicos futuros y especulativos. A la vez, concluimos que los daños

alegados por la parte en su demanda, y reiterados en su escrito de apelación, no son irreparables, pues la parte apelante cuenta con otros remedios para establecer su reclamo. Es decir, que no se cometió el error señalado por la parte apelante y esta falló en demostrar la naturaleza irreparable de los daños, así como los daños claros y palpables sufridos, criterios requeridos para demostrar que poseía legitimación activa para instar el recurso al amparo de las Reglas 57 y 59 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, y de los Artículos 675-678 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421-3533.

De otra parte, la apelante sostiene que la orden administrativa emitida por la CJPR, que autorizó el registro de apostadores deportivos en cualquier lugar que no necesariamente sea considerado como un lugar autorizado de un operador con licencia, contraviene el mandato de la Ley Núm. 81-2019, 15 LPRA sec. 981-984d. Ello, pues la orden impugnada provee para el establecimiento de puntos temporales de registro de apuestas, los cuales no están contemplados en el estatuto. Por tanto, según la apelante, la orden administrativa resulta *ultra vires* y nula. No le asiste la razón.

La precitada Ley Núm. 81-2019 define operador como una entidad con una franquicia autorizada por una licencia emitida por la CJPR para aceptar y pagar las apuestas deportivas, ya sea de manera presencial dentro de un lugar autorizado, o a través de una plataforma móvil de apuestas deportivas, dentro de los límites territoriales de Puerto Rico. Además, el referido estatuto incluye dentro de su definición de operador el término "operador principal" como aquel que, mediante un acuerdo de administración de apuestas deportivas, le podría ofrecer servicios a otros tenedores de licencias para que operen como satélite.

Por su parte, la Orden Administrativa OACJ-AD-16-23 meramente establece que, de conformidad con la Ley Núm. 81-2019, el operador podrá registrar jugadores en sus satélites o puntos de venta, y podrá solicitar

autorización a la CJPR para el establecimiento de puntos temporales de registro, siempre que cumplan con los requisitos dispuestos por ley.

Por tanto, concluimos que la Orden Administrativa OACJ-AD-16-23 no contraviene el mandato de la Ley Núm. 81-2019, según enmendada, intitulada *Ley de la Comisión de Juegos del Gobierno de Puerto Rico*, 15 LPRA sec. 981-984d

IV

En mérito de lo antes expuesto, **confirmamos** la *Sentencia* emitida y notificada el 13 de noviembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones