Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| *TRAMPOLINE PARK, LLC*<br>**Recurrida**<br><br>V.<br><br>*MTPR WAREHOUSE VICTORIA LLC; CHRISTIANSE REAL ESTATE, INC.; PR INDUSTRIAL SOLUTIONS MANAGEMENT;* ENTIDAD ABC H/N/C *ALTITUDE TRAMPOLINE PARK*<br>**Peticionario** | KLCE202400291 | *CERTIORARI* procedente del Tribunal de Primera Instancia Carolina<br><br>Núm Caso: CA2023CV03813<br><br>Sobre: Incumplimiento de Contrato |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de marzo de 2024.

El 8 de marzo de 2024, MTPR Warehouse Victoria LLC (MTPR o peticionaria) compareció ante nos mediante un *Recurso de Certiorari* y solicitó la revisión de una *Resolución* que se emitió el 20 de febrero de 2024 y se notificó el 21 de febrero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar a la solicitud de MTPR para que el desahucio en contra de Trampoline Park, LLC (TP o recurrida) se atendiera mediante el mecanismo extraordinario de *injunction.* Además, declaró No Ha Lugar a la solicitud de la parte peticionaria para celebrar una vista sumaria de desahucio.

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

## I.

El 29 de noviembre de 2023, la parte recurrida presentó una *Demanda* sobre incumplimiento de contrato, cumplimiento específico de obligaciones contractuales, interferencia torticera con relación contractual, daños y perjuicios y remedio provisional en contra de MTPR, Christiansen Real Estate, Inc., Puerto Rico Industrial Solutions Management, Entidad ABC h/n/c Altitude Trampoline Park.[1] En respuesta, el 22 de enero de 2024, MTPR presentó su alegación responsiva y una reconvención.[2] Al día siguiente, a saber, el 23 de enero de 2024, la parte peticionaria presentó una *Solicitud Urgente de Vista Evidenciaria sobre Desahucio, o en la Alternativa, Solicitud de Injunction para la Expedición de Orden para el Cumplimiento Específico de Contrato.*[3] Así las cosas, el 12 de febrero de 2024, TP presentó una *Oposición a Solicitud de Injunction y Solicitud de Vista de Desahucio.*[4]

Evaluadas las posturas de ambas partes, el 20 de febrero de 2024, el TPI dictó una *Resolución* que se notificó el 21 de febrero de 2024.[5] En esta, resolvió lo siguiente:

> El Tribunal, luego de examinar la posición de ambas partes, declara no ha lugar, a la solicitud del co-demandado MTPR Warehouse Victoria para que su solicitud de desahucio se atienda mediante el mecanismo de injunction. Ciertamente, la demandada tiene un mecanismo en ley para atender su solicitud de recuperar la posesión del inmueble y su reclamación se atenderá juntamente con la controversia genuina trabada entre las partes sobre si hubo o no renovación del contrato.
>
> En cuanto a los daños que alega MTPR se le está causando la situación que nos ocupa, los mismos no alcanzan la definición de lo que nuestra jurisprudencia ha sostenido como "daño irreparable". De entrada, MTPR presentó una reclamación de daños y perjuicios por la situación objeto de esta controversia y segundo, el daño irreparable es aquel que "no puede ser satisfecho mediante la utilización de los remedios legales disponibles. **Com. Pro. Perm. Bda. Morales v.**

---

[1] Véase, págs. 1-12 del apéndice del recurso.
[2] Íd., págs. 182-212.
[3] Íd., págs. 279-301.
[4] Íd., págs. 377-394.
[5] Íd., págs. 397-406.

**Alcalde**, 158 DPR 195, 205 (2002); **Loíza Sugar Company v. Hernáiz y Albandoz**, 32 DPR 903, 906 (1924). Esto no es la situación del demandado MTPR. Los alegados pueden ser satisfechos mediante la acción de daños y perjuicios que presentó.

[…]

En este caso el demandante expone y reitera como justificación para mantener el uso y posesión del inmueble objeto de este pleito, la existencia de una renovación o extinción del contrato de arrendamiento consentida por el codemandado MTPR. Sostiene el demandante en su oposición a solicitud de injuction y solicitud a vista de desahucio, que la solicitud del co-demandado le causaría severos daños económicos a Trampoline Park y dejaría a aproximadamente quince (15) empleados sin su salario. Además, que pondría en riesgo toda una infraestructura de trampolines, equipos y otras instalaciones que fueron adheridas a la propiedad, relacionado a la operación del parque de trampolines, inversión que se perderá o cuyo valor se verá sustancialmente disminuido ante una forzada salida como la que pretende la parte demandada.

Este Tribunal determina que las defensas esgrimidas por la parte demandante y a la luz de la totalidad de las circunstancias antes mencionadas, justifica que el procedimiento de desahucio continue por la vía ordinaria. Por lo tanto, este Tribunal declara por el momento no ha lugar, a la solicitud de vista sumaria de desahucio.

En desacuerdo con esta determinación, el 8 de marzo de 2024, MTPR presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

**Primer señalamiento de error: Erró manifiestamente el TPI al denegar los remedios sumarios de desahucio o injunction preliminar basado en la supuesta ausencia de daño irreparable y sin antes celebrar una vista evidenciaria y permitirle a MTPR presentar evidencia de daño irreparable.**

**Segundo señalamiento de error: Erró el TPI al manejar este pleito como uno de trámite ordinario.**

Atendido el recurso, el 11 de marzo de 2024, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 18 de marzo de 2024 para presentar su postura en cuanto al recurso. Oportunamente, TP presentó una *Oposición a la Expedición del Auto de Certiorari* y negó que el TPI cometiera los errores que el MTPR le imputó. Con el beneficio de la comparecencia de ambas partes,

procedemos a resolver el asunto ante nuestra consideración. *Veamos.*

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público;

y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la

Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones